ORIGINAL

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1  MICHAEL L. TUCHIN (State Bar No. 150375)
   LAURA L. BUCHANAN (State Bar No. 156261)
2  MARTIN R. BARASH (State Bar No. 162314)
   KLEE, TUCHIN, BOGDANOFF & STERN LLP
3  2121 Avenue of the Stars, 33rd Floor
   Los Angeles, California  90067-5061
4  Telephone:   (310) 407-4000
   Facsimile:   (310) 407-9090
5
   Proposed Reorganization Counsel for
6  Debtors and Debtors In Possession

7  Debtors' Mailing Address
   9939 Norwalk Blvd.
   Santa Fe Springs, CA 90670

FILED

MAR 1 6 2006

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

8            UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10               LOS ANGELES DIVISION

11

| In re | Case No(s).:   LA 06-10875-EC |
|---|---|
| **APX HOLDINGS, L.L.C.** | Chapter 11 |
| **APX LOGISTICS, INC.** | |
| **APX EXPRESS, INC.** | **EMERGENCY MOTION PURSUANT TO** |
| **APX CENTRAL, INC.** | **GENERAL ORDER 02-02 FOR ORDER** |
| **CTC DIRECT, INC.** | **DIRECTING JOINT ADMINISTRATION** |
| **PARCEL SHIPPERS EXPRESS, INC.** | **OF RELATED CASES UNDER** |
| **VA PARCEL, L.L.C.** | **BANKRUPTCY RULE 1015(b);** |
| **TEX-PACK, INC.** | **MEMORANDUM OF POINTS AND** |
| **TEX-PACK EXPRESS, L.P.,** | **AUTHORITIES IN SUPPORT THEREOF** |
| Debtors. | **Hearing To Be Set**<br>**Only If Required By Court** |

Date:    TBD
Time:    TBD
Place:   Courtroom TBD
         Roybal Federal Building
         255 East Temple Street
         Los Angeles, CA 90012

83840_1

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS' FORTY LARGEST UNSECURED CREDITORS; THE DEBTORS' SECURED LENDERS; AND THE PARTIES ENTITLED TO NOTICE:**

APX Holdings, L.L.C., a Delaware limited liability company, joined by APX Logistics, Inc., a Delaware corporation, APX Express, Inc., a California corporation, APX Central, Inc., a Delaware Corporation, CTC Direct, Inc., a Delaware corporation, a Delaware corporation, Parcel Shippers Express, Inc., a Wisconsin corporation, VA Parcel, L.L.C., a Delaware limited liability company, Tex-Pack, Inc., a Delaware corporation, and Tex-Pack Express, L.P., a Texas limited partnership (collectively the "Debtors") hereby move this Court, pursuant to General Order 02-02, for entry of an order under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing and directing joint administration of their chapter 11 cases listed in the foregoing caption. The basis for the relief requested in the Motion is set forth below and in the Declaration of Bradley S. Garberich in Support of Emergency First-Day Motions filed concurrently with this Motion and incorporated herein by reference

Jointly administering the Debtors' estates will eliminate unnecessary and expensive duplication of effort by the Debtors, their professionals, their creditors, parties in interest, and this Court.

Pursuant to General Order 02-02, Paragraph (g), this Motion may be granted ex parte and without the necessity of a hearing. If the Court determines that a hearing on this Motion is necessary, the Debtors request that the Court hold such a hearing on an emergency basis at its earliest opportunity, to avoid the immediate and unnecessary duplication of effort that otherwise may result in connection with the filing of other "first day" emergency motions in these cases.

Pursuant to this Motion, the Debtors request joint administration only, not substantive consolidation. For example, the Debtors request that this Court maintain a joint pleadings docket, approve a joint pleadings caption, and permit the Debtors to combine notices to

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1   creditors.  Unless the Court promptly grants this motion, these estates and their creditors will

2   be saddled with expensive and unnecessary administrative expenses that would accompany

3   the requirement that the Debtor file duplicate pleadings in each of their 9 cases and the like.

4   Joint administration will greatly reduce the cost of administering these cases and will

5   eliminate the substantial confusion and waste that would otherwise be created by maintaining

6   separate dockets – all as described more fully below.

7       **WHEREFORE**, the Debtors respectfully request that the Court enter an order

8   granting this Motion: (1) authorizing and directing the joint administration of the Debtors'

9   chapter 11 cases under the case number for APX Holdings, L.L.C.; (2) approving the form of

10  joint caption annexed hereto as <u>Exhibit 1</u>; and (3) granting such other relief as this Court

11  deems necessary and appropriate.

12

13  DATED:  March 16, 2006

14                                          MICHAEL L. TUCHIN
                                            LAURA L. BUCHANAN
15                                          MARTIN R. BARASH
                                            KLEE, TUCHIN, BOGDANOFF & STERN LLP
16                                          Proposed Reorganization Counsel for
                                            Debtors and Debtors in Possession
17

18

19

20

21

22

23

24

25

26

27

28

2                    Emergency Motion For Joint Administration

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    General Background.**

The Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have filed these cases in order to conduct an orderly liquidation of their assets and to maximize the value of those assets for the benefit of the economic stakeholders of their estates.

Prior to the commencement of these cases ("Petition Date"), the Debtors were providers of small parcel and freight delivery services to high volume commercial customers, including retailers, e-tailers, catalog and mail order companies, television shopping channels, consumer product companies, and infomercial sellers. The Debtors' are headquartered in Santa Fe Springs, California.  All of the Debtors' real property is leased, including approximately 52 freight terminals utilized prior to the Petition Date.

Prior to the Petition Date, the Debtors provided sorting and shipping services to their customers utilizing a combination of: (i) approximately 1,600 full and part-time employees, (ii) approximately 3,000 temporary employees provided by third-party providers, (iii) approximately 390 independent truckers ("Service Partners") (in some cases, using trucks owned by the Debtors), (iv) a number of large package delivery carriers (such as DHL), and (v) the United States Postal Service, which in most cases provided the "last mile" of delivery to consumers.

Shortly before the Petition Date, the Debtors ceased accepting packages not already in transit from all but one of their customers and laid off approximately 60 employees.  The Debtors intend to conduct an orderly wind-down in chapter 11 (albeit with a smaller workforce) to ensure that as many as possible of the packages that the Debtors previously accepted for delivery from their customers are timely delivered to their intended recipients, and that the Debtors' collection of their accounts receivable are maximized.

For approximately one month following the Petition Date, the Debtors intend to

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA, 90067-5061
TELEPHONE: (310) 407-4000

1   continue limited operations for the sole purpose of serving one of their customers: the United

2   States Government on behalf of the Veterans Administration ("VA").  Pursuant to a federal

3   contract ("VA Contract") among the VA, CTC Direct, Inc., and its non-debtor parent CTC

4   Holdings I, Inc., the Debtors ship prescription medication to patients of the VA nationwide

5   under the VA's prescription medication program.

6        The Debtors receive from the VA approximately 1 million packages each day for

7   shipping to VA patients.  While the Debtors recognize that they must wind down their

8   operations, the Debtors also recognize the importance of preventing an interruption in the

9   delivery of prescription medications to VA patients.  Immediately prior to the Petition Date,

10  the Debtors provided the VA with 30 days' notice of their intent to terminate services under

11  the VA Contract (as permitted by the VA Contract), but intend to continue serving the VA

12  during that period (unless alternative arrangements can be made with the VA earlier).

13       Systemwide, there presently are approximately 2.7 million parcels from all of the

14  Debtors' customers either at the Debtors' facilities, in transit on the Debtors' own vehicles, in

15  transit with third party providers, or on the final leg of their journey to their intended

16  recipients with the USPS.  Prior to the Petition Date, the Debtors negotiated with their

17  prepetition lender, Bank of America, and agreed to a wind-down budget and a debtor in

18  possession facility that is intended to permit the Debtors to continue servicing the VA as set

19  forth above and attempt to clear all packages out of the Debtors' system.

20  **B.    The Affiliated Entities.**

21       These cases are suitable for joint administration for several reasons.  First, the Debtors

22  are affiliates as defined by Bankruptcy Code section 101(2) and Bankruptcy Rule 1015(b).

23  APX Holdings, L.L.C. is the direct or indirect corporate parent of each of the other Debtors.

24  The debtor entities also share common management, the same indirect ownership, and by

25  definition are closely related.  Additionally, there is overlap in the Debtors' creditor bodies

26  and with respect to the claims asserted by the Debtors' lenders.  If these estates are jointly

27  administered, creditors will receive joint notices of the matters involving each of the

28  affiliated entities, thereby ensuring that creditors are fully informed of all matters potentially

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

83840.1                    4                    Emergency Motion For Joint Administration

1   affecting their claims.

2        It is almost certain that many (if not all) of the motions filed in these cases will

3   concern all of the Debtors' entities.  If these cases are not jointly administered, parties filing

4   papers with this Court will have to prepare multiple sets of papers that will often be identical

5   but for the captions.  Moreover, many of the Debtors creditors will unnecessarily receive

6   multiple copies of the papers.   Joint administration will avoid such unnecessary and

7   expensive duplication.

8        In short, jointly administering these related cases will expedite the Debtors' cases and

9   reduce their expense without prejudicing any creditor's substantive rights.  Creditors will

10  receive a joint notice of all matters that effect multiple entities, thereby ensuring that they are

11  fully informed of matters that potentially effect their claims.  The earlier the Debtors can

12  implement these streamlined procedures, the greater the savings to the Debtors' estates and

13  their creditors.

14       **C.    The Scope of Joint Administration.**

15       The Debtors propose that all pleadings relating to these cases shall bear a joint caption

16  substantially in the form attached as <u>Exhibit 1</u> to this Motion, and that the Debtors be

17  permitted to combine notices to parties in interest of matters affecting multiple Debtors.  The

18  Debtors request that the Clerk of the Court file and maintain all of the pleadings filed in

19  these cases under the docket for APX Holdings, L.L.C..

20       Nothing contained in this Motion is intended to request or compel substantive

21  consolidation of these estates.  This Motion requests only joint administration of the estates.

22  Therefore, the relief requested in this Motion will not prejudice any entity's substantive

23  rights and will result in no conflicts.  If the Debtors conclude that substantive consolidation

24  of these estates is warranted, the Debtors will bring a separate motion in this Court

25  requesting such relief.

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

## II.

## ARGUMENT

### A.    Joint Administration Of These Cases Will Yield Substantial Administrative Benefits.

Bankruptcy Rule 1015 states that joint administration may be appropriate when two or more related debtor entities — whether spouses, partnerships, or corporations — have filed for protection under the Bankruptcy Code:

> (b)    Cases Involving Two or More Related Debtors.  If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates . . . .

> (c)    Expediting and Protective Orders.  When an order for . . . joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.[1]

Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases while also ensuring that individual creditor's rights are not unduly prejudiced.[2]  As stated in the Official Committee Note, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.[3]

Joint administration and substantive consolidation differ significantly.  In substantive

---

[1]    Fed. R. Bankr. P. 1015(b) – (c).

[2]    See 9 *Collier on Bankruptcy* ¶ 1015.03 (15th ed. 2005); see also In re Brookhollow Assocs., 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), aff'd, 575 F.2d 1003 (1st Cir. 1978); In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986).

[3]    F. R. Bankr. P. 1015 (Committee Note ¶ 4).

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1  consolidation, assets and liabilities are pooled, and generally, the separate entities' creditors

2  share pro rata in the estates' aggregate net value.[4]  Joint administration, however, is merely

3  procedural; it has no impact on creditors' substantive rights.[5]  Thus, joint administration does

4  not in itself prejudice any creditor's rights.

5      Joint administration is warranted in these cases.  By definition, the Debtors are

6  affiliates under Bankruptcy Code section 101(2) and Bankruptcy Code section 1015(b), and

7  are closely related entities that share ultimate ownership.  As stated above, APX Holdings

8  LLC is the direct or indirect corporate parent of each of the other Debtors.  Additionally,

9  there is substantial overlap of the creditors of these estates.  If these cases were administered

10 separately, each Debtor would need to provide the same creditors with duplicate copies of

11 many of the same notices and motions in these cases.  This unnecessary duplication would be

12 costly without creating any counterbalancing benefit for creditors.

13     Joint administration will greatly reduce the cost of administering these cases and will

14 eliminate the substantial confusion and waste that would otherwise be created by maintaining

15 separate dockets.  In many instances, the only material differences between each set of

16 pleadings that would be filed in these cases would be in the captions.  Matters affecting one

17 estate may often affect the others.  Requiring each of the debtor entities to file separate

18 pleadings in each matter will entail considerable duplication at substantial cost.  This

19 duplication would not generate any additional benefit to stakeholders.  To the contrary, it

20 would impose an unnecessary burden on the estates, the stakeholders, the Court, and the

21 Clerk of the Court.

22     **B.      Joint Administration Will Not Prejudice Any Creditors.**

23     There will be no material prejudice to creditors if these estates are jointly

24 administered.  As discussed above, joint administration would benefit all creditors by

25

26 [4]  See In re Standard Brands Paint Co., 154 B.R. 563 (Bankr. C.D. Cal. 1993); In re

27 I.R.C.C., Inc., 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).

28 [5]  N.S. Garrott, 63 B.R. at 191; In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1  substantially reducing costs and administrative burdens in general.

2                                  **III.**

3                             **CONCLUSION**

4        **WHEREFORE**, the Debtors respectfully request that the Court enter an order

5  granting this Motion: (1) authorizing and directly the joint administration of the Debtors'

6  chapter 11 cases under the case number for APX Holdings, L.L.C.; (2) approving the form of

7  joint caption annexed hereto as <u>Exhibit 1</u>; and (3) granting such other relief as this Court

8  deems necessary and appropriate.

9

10  DATED:  March 16, 2006

MICHAEL L. TUCHIN
LAURA L. BUCHANAN
MARTIN R. BARASH
KLEE, TUCHIN, BOGDANOFF & STERN LLP
Proposed Reorganization Counsel for
Debtors and Debtors in Possession

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

83840.1

8

Emergency Motion For Joint Administration

MICHAEL L. TUCHIN (State Bar No. 150375)
LAURA L. BUCHANAN (State Bar No. 156261)
MARTIN R. BARASH (State Bar No. 162314)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 Avenue of the Stars, 33rd Floor
Los Angeles, California 90067-5061
Telephone:   (310) 407-4000
Facsimile:   (310) 407-9090

Proposed Reorganization Counsel for
Debtors and Debtors In Possession

Debtors' Mailing Address
9939 Norwalk Blvd.
Santa Fe Springs, CA 90670

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | Jointly Administered Under Case No. 06-_____ |
|---|---|
| **APX HOLDINGS, L.L.C.**<br>**APX LOGISTICS, INC.**<br>**APX EXPRESS, INC.**<br>**APX CENTRAL, INC.**<br>**CTC DIRECT, INC.**<br>**PARCEL SHIPPERS EXPRESS, INC.**<br>**VA PARCEL, L.L.C.**<br>**TEX-PACK, INC.**<br>**TEX-PACK EXPRESS, L.P.,**<br><br>Debtors. | Chapter 11<br><br>**Hearing**<br>Date:    TBD<br>Time:    TBD<br>Place:    Courtroom TBD<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

## EXHIBIT "1"