ORIGINAL

FILED
APR 1 0 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED
APR 1 0 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

APR 1 0 2006

LEE R. BOGDANOFF (State Bar No. 119542)
MICHAEL L. TUCHIN (State Bar No. 150375)
MARTIN R. BARASH (State Bar No. 162314)
LAURA L. BUCHANAN (State Bar No. 156261)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 Avenue of the Stars, 33rd Floor
Los Angeles, California 90067-5061
Telephone: (310) 407-4000
Facsimile:  (310) 407-9090

Proposed Reorganization Counsel for
Debtors and Debtors In Possession

Debtors' Mailing Address
9939 Norwalk Blvd.
Santa Fe Springs, CA 90670

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | Case Nos.: 06-10875-EC; 06-10877-EC; 06-10879-EC; 06-10880-EC; 06-10881-EC; 06-10882-EC; 06-10883-EC; 06-10884-EC; 06-10885-EC |
| **APX HOLDINGS, L.L.C.**<br>**APX LOGISTICS, INC.**<br>**APX EXPRESS, INC.**<br>**APX CENTRAL, INC.**<br>**CTC DIRECT, INC.**<br>**PARCEL SHIPPERS EXPRESS, INC.**<br>**VA PARCEL, L.L.C.**<br>**TEX-PACK, INC.**<br>**TEX-PACK EXPRESS, L.P.,** | Chapter 11 |
| Debtors. | **FINAL FINANCING ORDER AUTHORIZING BORROWING WITH PRIORITY OVER ADMINISTRATIVE EXPENSES AND SECURED BY LIENS ON PROPERTY OF THE ESTATE PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE**<br><br>**Hearing**<br><br>Date:   April 10, 2006<br>Time:   11:00 a.m.<br>Place:  Courtroom 1639<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

84176.6

**WHEREAS,** on March 16, 2006 (the "Petition Date"), APX Holdings, LLC and its direct and indirect subsidiaries APX Logistics, Inc., APX Central, Inc., APX Express, Inc., APX One, LLC, CTC Direct, Inc., CTC Holdings I, Inc., Film Transit, Inc., Parcel Shippers Express, Inc., Tex-Pack Express, LP, Tex-Pack Holdings, LLC, Tex-Pack, Inc., VA Parcel, L.L.C., as debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"); and

**WHEREAS,** the Debtors have continued in the management and operation of its business pursuant to Bankruptcy Code §§ 1107 and 1108, and no trustee or examiner has been appointed; and

**WHEREAS,** the Debtors have represented to the Court that prior to the Petition Date, the Debtors were parties to a secured financing arrangement with Bank of America, N.A., as assignee of Fleet Capital Corporation ("Lender") pursuant to a Credit and Security Agreement dated as of October 29, 2004 (as amended, modified, supplemented and/or restated to date and from time to time, the "Credit Agreement"), pursuant to which, among other things, the Debtors granted to Lender liens, mortgages and security interests in all of their assets (the "Pre-Petition Collateral") and Lender made revolving credit and term loans to the Debtors; and

**WHEREAS,** the Debtors have moved the Court (the "Motion") for an order, pursuant to Bankruptcy Code § 363 and § 364(c), to ratify, reaffirm and adopt, as modified and supplemented by this Order, their pre-petition secured financing arrangement with, and obtain debtor-in-possession financing from, Lender pursuant to the terms and conditions of (a) the Credit Agreement (a copy of which is attached to the Motion) and the other agreements, documents, instruments and certificates executed and delivered to Lender in connection with the Credit Agreement (collectively, the "Pre-Petition Agreements"), (b) the amended budget annexed as Exhibit "A" hereto (the "Budget") subject to the limitations stated on the record and (c) this Order (collectively, the Pre-Petition Agreements, the Budget and this Order shall be referred to hereinafter as the "DIP Financing Documents"); and

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1

84176.6

**WHEREAS,** an interim hearing with respect to the Motion was held by the Court on March 21, 2006, and a final hearing with respect to the Motion was held by the Court on April 10, 2006 at which no objections were raised by any party to the Court's entry of this Order; and

**WHEREAS,** the Court has considered the Motion, the record of the interim and final hearings with respect to the Motion, and all of the proceedings and pleadings in these bankruptcy cases as of this date;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

(a)    Lender is willing to advance monies to the Debtors only upon the conditions contained in this Order;

(b)    the Debtors are unable to obtain sufficient levels of unsecured credit allowable under Bankruptcy Code § 503(b)(1) as an administrative expense necessary to the preservation of their estates;

(c)    the Debtors are unable to obtain secured credit allowable only under Bankruptcy Code § 364(c)(1) and (c)(2), except under the terms and conditions provided in this Order;

(d)    it is in the best interest of the Debtors' estates that they be allowed to finance their operations under the terms and conditions set forth herein, as such financing is necessary to prevent a disruption of its business and to maximize the value of the Debtors' assets;

(e)    the Debtors would suffer immediate and irreparable harm absent approval of the Motion;

(f)    the Debtors admit and represent, without prejudice to the rights of any Official Committee of Unsecured Creditors (the "Committee") and third parties to challenge same to the extent set forth below, that as of the Petition Date, in accordance with the Pre-Petition Agreements, (1) the Debtors were indebted to Lender, without defense, counterclaim, recoupment or offset of any kind, in the aggregate amount of approximately $24,249,003.39 (as of 2:50 p.m. Eastern time) in

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

respect of loans, advances and other financial accommodations made by Lender to the Debtors in accordance with the Pre-Petition Agreements (the "Pre-Petition Obligations"), and (2) the Pre-Petition Obligations were secured by valid, enforceable and properly perfected first priority liens on and security interests (the "Pre-Petition Liens") in the Pre-Petition Collateral;

(g)     the credit and financial accommodations to be extended under the DIP Financing Documents are being extended by Lender in good faith and Lender is entitled to the protection of Bankruptcy Code § 364(e);

(h)     notice of relief sought by the Motion and the hearings with respect thereto, believed by the Debtors to be the best available notice under the circumstances, has been given pursuant to Bankruptcy Rule 4001(c), and no further notice of, or hearing on, the relief sought in the Application is required;

(i)     good and sufficient cause exists for the issuance of this Order, to prevent immediate and irreparable harm to the Debtors' estates; and

(j)     the Court has core jurisdiction over the Debtors' bankruptcy cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334, and venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     Subject to paragraph "24" hereof, the Debtors are hereby authorized and deemed to ratify and adopt the Pre-Petition Agreements, including the validity and enforceability of the Pre-Petition Obligations to Lender incurred thereunder and the liens and security interests granted to Lender thereunder, subject to the rights of the Committee and third parties to challenge same to the extent set forth below; provided that nothing contained herein shall be deemed to constitute an assumption of the Pre-Petition Agreements pursuant to Bankruptcy Code section 365(a) or otherwise result in the   Pre-Petition Obligations becoming post-petition claims.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

2.      The Debtors are hereby authorized to borrow funds from and incur debt to Lender pursuant to the terms and conditions of the DIP Financing Documents, and use Lender's Cash Collateral (as such term is defined in Bankruptcy Code § 363(a)), in accordance with the Budget from and after the date of this Order, and to grant to Lender the liens and security interests provided for under this Order.  Lender shall make Revolving Loans to the Debtors in accordance with the Budget, notwithstanding any limitations set forth in the Credit Agreement (including, without limitation with respect to Total Gross Availability (as such term is defined therein)) from and after the date of this Order, as follows:

(a)      with respect to the expense items specified in the Budget under the heading "Liquidation Expense Itemization" as payroll, retention, health/dental, legal, accrued wages/taxes/sales commission/vacation and employee expenses, Lender shall fund such items to the extent actually incurred by the Debtors up to the amounts so specified irrespective of the occurrence of an Event of Default or the Expiration Date (as such terms are defined below); and

(b)      with respect to all other expense items specified in the Budget, Lender shall be obligated to fund such items to the extent actually incurred by the Debtors up to the amounts so specified, provided that (i) Lender or its consultant The Recovery Group, Inc. has specifically approved such amounts prior to their being incurred by the Debtors, and (ii) the Debtors shall have no authority to incur such amounts from and after the occurrence of an Event of Default or the Expiration Date.

(c)      with respect to the expense items specified in the budget under the heading "VA Expense Itemization", Lender shall fund, in the aggregate amount not to exceed $8,000,000, such items to the extent actually incurred by the Debtors irrespective of the occurrence of an Event of Default or the Expiration Date.

In the event that any expense items in the Liquidation Expense Itemization and the VA Expense Itemization duplicate one another, such items shall be deemed to appear solely in the VA Expense Itemization and shall reduce Lender's obligation to fund the Liquidation

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA, 90067-5061
TELEPHONE: (310) 407-4000

84176.6

4

Expense Itemization. Lender is further authorized to make additional loans, advances and/or financial accommodations to the Debtors in Lender's sole and absolute discretion, provided that prior or contemporaneous notice thereof (as is reasonably practicable), provided that the total of such loans, advances and/or financial accommodations in excess of the Budget shall not exceed 110% in the aggregate of the amount authorized pursuant to the Budget.

3.      As adequate protection for any post-petition diminution in value of Lender's interests in the Pre-Petition Collateral, including without limitation that caused by the Debtors' use of the Pre-Petition Collateral and/or Cash Collateral, including without limitation for purposes of the Carve-Out (as such term is defined below), to the extent of any such post-petition diminution, Lender is hereby granted a post-petition claim on a joint and several basis (the "Adequate Protection Claim") against the Debtors' estates.  The adequate protection granted to Lender by this Order is non-exclusive and is without prejudice to Lender's right to seek additional adequate protection of Lender's interests in the Collateral.

4.      The Adequate Protection Claim and any and all Obligations (as such term is defined in the Credit Agreement) of the Debtors to Lender pursuant to the DIP Financing Documents arising subsequent to the Petition Date (the "Post-Petition Obligations") (collectively, the "Post-Petition Claim") shall have priority in payment over any other obligations now in existence or incurred hereafter by the Debtors, and over any and all administrative expenses or charges against property arising in the Debtors' bankruptcy cases, including without limitation those specified in Bankruptcy Code §§ 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), 726, 1113 or 1114, subject only to the Carve-Out.  The Post-Petition Claim shall not be paid from recoveries upon causes of action brought pursuant to Bankruptcy Code §§ 544, 547, 548, 550, 551 and 553.  The Post-Petition Claim may be paid from recoveries upon other causes of action of the Debtors that are not within the scope of said statutory provisions.

5.      Pursuant to Bankruptcy Code §§ 362, 363(e) and 364(c), as security for the Post-Petition Claim, the Debtors are hereby authorized to and do grant to Lender a valid, binding, enforceable and automatically perfected lien, mortgage and/or security interest

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

5

1  (a "Lien"), subject only to Liens existing as of the Petition Date that are valid, enforceable

2  and not subject to avoidance by a trustee under the Bankruptcy Code, in all of the Debtors'

3  presently owned or hereafter acquired property and assets, whether such property and assets

4  were acquired by the Debtors before or after the Petition Date, of any kind or nature, whether

5  real or personal, tangible or intangible, wherever located, and the proceeds and products

6  thereof (collectively, the "Collateral") (to the extent acquired after the Petition Date, the

7  "Post-Petition Collateral").  Notwithstanding the foregoing, (a) the Lien granted to Lender

8  hereby (the "Post-Petition Lien") shall be subject to the Carve-Out, and (b) the Collateral

9  shall not include causes of action brought pursuant to Bankruptcy Code §§ 544, 547, 548,

10  550, 551 and 553 and recoveries upon such causes of action, but shall include other causes of

11  action of the Debtors that are not within the scope of said statutory provisions and recoveries

12  upon such other causes of action.  Notwithstanding anything to the contrary contained in this

13  Order, the Post-Petition Lien shall not extend to, and the Post-Petition Claim shall not be

14  paid from recoveries on account of, the type of property as to which Lender did not hold a

15  valid and unavoidable lien to secure the Pre-Petition Obligations as of the Petition Date.  By

16  way of illustrations only, if Lender held a valid and unavoidable lien against accounts as of

17  the Petition Date, then the Post-Petition Lien shall extend to, and the Post-Petition Claim

18  shall be paid from recoveries on account of, any pre- or post-petition accounts or the

19  proceeds thereof.  By contrast, if Lender did not hold a valid and unavoidable lien against a

20  lease of real property or cause of action as of the Petition Date, then the Post-Petition Lien

21  shall not extend to, and the Post-Petition Claim shall not be paid from recoveries on account

22  of, such lease, cause of action or the proceeds thereof.

23       6.     Notwithstanding the Pre-Petition or Post-Petition Liens or claims of Lender

24  under the DIP Financing Documents, the Collateral may be used by the Debtors, if sufficient

25  unencumbered funds are not available from the Debtors' estates, to pay (collectively, the

26  "Carve-Out") to pay the following (and only the following):

27       (a)     the statutory fees of the United States Trustee pursuant to 28 U.S.C.

28  § 1930(a) and any unpaid fees due and owing to the Clerk of the Court;

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

(b)    the allowed fees and expenses of professionals retained and approved pursuant to orders of the Court ("Professionals") by the Debtors in aggregate amount not to exceed $100,000, exclusive of pre-petition retainers, incurred after the occurrence and during the continuance of an Event of Default (as such term is defined below);

(c)    the allowed fees and expenses of Professionals of the Committee , and the reasonable expenses of members of the Committee (other than the fees and expenses of professionals employed by members of the Committee), in aggregate amount not to exceed $150,000 incurred at any time, inclusive of any amounts set forth for the Committee's Professionals and members in the Budget;

(d)    the allowed fees and expenses of any Chapter 7 Trustee under Bankruptcy Code § 726(b), including without limitation the allowed fees and expenses of the Chapter 7 Trustee's Professionals, in aggregate amount not to exceed $25,000.

Lender may in its sole and absolute discretion establish a reserve under the DIP Financing Documents  in an amount up to the Carve-Out obligations under this paragraph.

All payments received by Professionals with respect to fees and expenses within the scope of the Carve-Out (exclusive of pre-petition retainers) shall reduce the respective Carve-Out on a dollar-for-dollar basis, provided, however, solely with respect to the Debtors' Professionals (it being understood that the Committee's Carve-Out is governed by subparagraph "(c)" hereof) that so long as no Event of Default under this Order shall have occurred and be continuing, in addition to the items set forth in subparagraphs (a), (b), (c) and (d) above, the Debtors shall be permitted to pay (or set aside in a segregated, interest bearing account) and the Carve-Out shall include compensation and reimbursement of expenses to Professionals allowed and payable under Bankruptcy Code §§ 330 and 331 in accordance with the Budget as the same may be due and payable, and the same shall not reduce the remainder of the Carve Out or be subject to disgorgement except to the extent the Court orders disgorgement based on the disallowance of such fees or expenses.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

7.     The Post-Petition Lien shall not be subject to any Lien or any other interest which is avoided and which would otherwise be preserved for the benefit of the Debtors' estates under Bankruptcy Code § 551 and which would be otherwise junior to Lender's Pre-Petition Lien, and the Post-Petition Lien shall encumber and constitute a prior Lien to any such Lien which is avoided and which would otherwise be so preserved for the benefit of the Debtors' estates.  Lender shall not be subject to the equitable doctrines of "marshaling" or any similar claim or doctrine with respect to any Collateral securing any of the Post-Petition Claim.

8.     Effective, *nunc pro tunc* to the Petition Date, the Debtors waive irrevocably all claims and rights, if any, they might otherwise assert against the Collateral pursuant to Bankruptcy Code §§ 506(c) or 552(b) with respect to any claim arising or obligation incurred during the period the financing hereunder is in effect.

9.     Effective, *nunc pro tunc* to the Petition Date, except from and pursuant to the terms of the Carve-Out, no entity in the course of this bankruptcy case (whether Chapter 11 or subsequent Chapter 7), shall be permitted to recover from the Collateral (whether directly or through grant of derivative and/or equitable standing in the name of the Debtors and/or the Debtors' estates) any cost or expense of preservation or disposition of the Collateral, including, without limitation, expenses and charges as provided in Bankruptcy Code §§ 506(c) or 552(b) without the prior written consent of Lender with respect to any claim arising or obligation incurred during the period the financing hereunder is in effect. Effective, *nunc pro tunc* to March 21, 2006, no entity shall be permitted to recover from the Collateral, or assert against Lender, any claim with respect to any unpaid administrative expense of the Debtors' bankruptcy cases, whether or not the Debtors' payment of such administrative claim was contemplated by or included in the Budget with respect to any claim arising or obligation incurred during the period the financing hereunder is in effect.

10.    So long as there are any Obligations outstanding to Lender, unless Lender shall have given its prior written consent, or the Court enters an order, upon proper notice to Lender and after a hearing, requiring that all of the Post-Petition Obligations to Lender be

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA, 90067-5061
TELEPHONE: (310) 407-4000

1 immediately satisfied in full, there shall not at any time be entered in the Debtors' Chapter

2 11 case any further orders which authorize: (a) under Bankruptcy Code § 363, the use of

3 Cash Collateral in which Lender has an interest, or the sale, use, or lease, other than in the

4 ordinary course of business, of property of the Debtors in which Lender has an interest;

5 (b) the obtaining of credit or the incurring of indebtedness pursuant to Bankruptcy Code

6 §§ 364(c) or 364(d), or any other grant of rights against the Debtors and/or their estates,

7 secured by a lien, mortgage or security interest in the Collateral held by Lender or entitled to

8 priority administrative status which is equal or superior to that granted to Lender herein; or

9 (c) the return of goods by the Debtors pursuant to Bankruptcy Code § 546(h).

10      11.    In addition to the fees, costs, charges and expenses authorized under the Pre-

11 Petition Agreements, subject to Lender's rights under Section 506(b) and the right to receive

12 fees and expenses (including reasonable attorneys' fees) incurred in connection with the DIP

13 Financing, Lender shall be entitled to charge the Debtors' account or receive reimbursement

14 thereof, in either case as Post-Petition Obligations, on five (5) business days written notice to

15 the Noticed Parties (as such term is defined below) (the "Fee Notice"), but without

16 application to the Court, for all of Lender's reasonable attorneys' and other professionals'

17 fees arising from or related to (a) the DIP Financing Documents, including without limitation

18 the negotiating, closing, documenting and obtaining of Court approval thereof, (b) all

19 proceedings in connection with any Disposition (as such term is defined below), (c) all

20 proceedings in connection with the interpretation, amendment, modification, enforcement,

21 enforceability, validity or carrying out of the Pre-Petition Agreements or this Order at any

22 time, (d) all other matters and proceedings arising in or related to the Debtors' bankruptcy

23 cases, and (e) all reasonable expenses, costs and charges in any way or respect arising in

24 connection therewith or related thereto.  The Fee Notice shall be accompanied by copies of

25 such professionals' invoices to Lender, subject to redaction against disclosure of privileged

26 and/or confidential information, and such invoices shall be charged to the Debtors' account

27 as provided for herein unless, prior to the expiration of the five (5) business day period,

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1   appropriate pleadings objecting thereto are filed with the Court and served upon Lender by

2   any of the Noticed Parties.

3       12.    The Debtors, at their expense, shall continue to keep the Collateral fully

4   insured against all loss, peril and hazard and make Lender loss payee as its interests appear

5   under such policies.  The Debtors shall pay any and all undisputed post-petition taxes,

6   assessments and governmental charges with respect to such collateral all as provided under

7   the Pre-Petition Agreements.  The Debtors shall provide Lender with proof of the foregoing

8   within three (3) business days of written demand and will give Lender access to its records in

9   this regard.

10      13.    The automatic stay provisions of Bankruptcy Code § 362 are hereby modified

11  to permit (a) the Debtors to implement and perform the terms of the DIP Financing

12  Documents, and (b) the Debtors to create  Lender's Post-Petition Liens,  granted hereunder.

13  Lender shall not be required to file UCC financing statements or other instruments with any

14  other filing authority to perfect any post-petition lien, mortgage or security interest granted

15  by this Order or take any other action to perfect such post-petition liens, mortgages and

16  security interests, which shall be deemed automatically perfected by the docket entry of this

17  Order by the Clerk of the Court.  If, however, Lender shall, in its sole and absolute

18  discretion, elect for any reason to file, record or serve any such financing statements or other

19  documents with respect to such post-petition liens and security interests, the Debtors shall

20  execute same upon request and the filing, recording or service thereof (as the case may be)

21  shall be deemed to have been made at the time and on the date of the commencement of the

22  Debtors' Chapter 11 cases on the Petition Date.

23      14.    The time of payment of any and all Post-Petition Obligations of the Debtors to

24  Lender arising out of or incurred pursuant to the DIP Financing Documents shall not be

25  altered, extended or impaired by any plan or plans of reorganization that may hereafter be

26  accepted or confirmed or any further orders of the Court which may hereafter be entered.

27      15.    Each of the following shall constitute an "Event of Default" for purposes of

28  this Order:

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

(a)    any of the Debtors' Chapter 11 cases are either dismissed or converted to a Chapter 7 case;

(b)    a trustee, or an examiner with expanded powers to operate the Debtors' businesses, is appointed in any of the Debtors' Chapter 11 cases;

(c)    any plan of reorganization of any Debtor is confirmed which does not provide for the payment in full of the Post-petition Obligations upon the effective date of the plan;

(d)    the Court enters an order authorizing the sale of all or substantially all assets of the Debtors that does not provide for the payment in full of the Obligations in cash upon the closing of the sale, unless otherwise agreed by Lender in its sole and absolute discretion;

(e)    the Debtors shall not incur expenses without the prior written consent of Lender, except to the extend contemplated by the Budget;

(f)    this Order is reversed, vacated, stayed, amended, supplemented or otherwise modified in a manner which shall, in the sole opinion of Lender, materially and adversely affect the rights of Lender hereunder or shall materially and adversely affect the priority of any or all of Lender's claims, liens or security interests;

(g)    except to the extent performance is prohibited by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, the occurrence subsequent to the Petition Date of an Event of Default under the Pre-Petition Agreements, other than any Event of Default occurring and/or existing solely because of (1) the commencement of the Bankruptcy Case on the Petition Date, (2) the breach of any representation, warranty or financial covenant set forth in the Pre-Petition Agreements, (3) the Debtor's inability to pay any indebtedness and/or perform any obligation due to any third party to the extent that such payment and/or performance is prohibited by the Bankruptcy Code, the Bankruptcy Rules or order of the Bankruptcy Court, and/or (3) the actions contemplated in the Budget;

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA, 90067-5061
TELEPHONE: (310) 407-4000

84176.6

11

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1    (h)    the Debtors expend any funds or monies for any purpose other than

2    those set forth on the Budget unless authorized in advance by Lender or its consultant

3    The Recovery Group, Inc.;

4    (i)    other than as contemplated in the Budget, the occurrence of a material

5    adverse change subsequent to the Petition Date in (1) the condition (financial or

6    otherwise), operations, assets, business or business prospects of the Debtors, (2) the

7    Debtors' ability to pay the Obligations in accordance with the terms of the DIP

8    Financing Documents, or (3) the value of the Collateral;

9    (j)    non-compliance or default by the Debtors with any of the terms and

10    provisions of this Order; provided, however, that said non-compliance or default shall

11    not be deemed an Event of Default if curable and cured by the Debtors within three

12    (3) business days after notice of such non-compliance or default is given to the

13    Debtors by Lender.

14    16.    Upon the occurrence of an Event of Default (as such term is defined in the

15    preceding paragraph of this Order) and the giving of written notice thereof by facsimile or e-

16    mail transmission (the "Default Notice") by Lender to the Debtor's, the Committee's and the

17    United States Trustee's respective counsel (the "Noticed Parties"), or upon the occurrence of

18    the Expiration Date (as such term is defined below):

19    (a)    Lender shall have no further obligation to make loans, advances, and/or

20    other financial accommodations to the Debtors except as set forth in Paragraphs 2(a),

21    (2(b) and 2(c) of this Order;

22    (b)    Lender shall have the right, free of the restrictions of Bankruptcy Code

23    § 362 (which automatic stay shall be deemed to have been lifted for this purpose) or

24    under any other section of the Bankruptcy Code or applicable law or rule, to take

25    immediate discretionary action to protect the Collateral from harm, theft and/or

26    dissipation;

27    (c)    The Debtors shall immediately segregate all of Lender's Collateral,

28    including without limitation Cash Collateral, and shall not be permitted to use such

84176.6

12

Collateral absent Lender's prior written consent (subject to the Carve-Out), and Lender may impose an "administrative freeze" with respect to the Debtors' cash on deposit at Lender;

(d)     With respect to the Events of Default other than those specified in subparagraphs "(a)" through "(d)" of the preceding paragraph of this Order, the Noticed Parties shall have five (5) business days from the receipt of the Default Notice (the "Remedy Notice Period") to cure the default (if curable) or obtain an order of the Court on notice to Lender enjoining or restraining Lender from exercising its rights and remedies based upon the Event of Default specified in the Default Notice("Restraint on Remedies") provided that the sole grounds on which the Debtors may seek a Restraint on Remedies shall be to allege either non-occurrence, non-continuance (if applicable) or timely cure of the Event of Default specified in the Default Notice;

(e)     Payment of any and all Obligations of the Debtors to Lender arising out of or incurred pursuant to the DIP Financing Documents shall be due and payable, and Lender shall have the right, free of the restrictions of Bankruptcy Code § 362 or under any other section of the Bankruptcy Code or applicable law or rule, to exercise its contractual, legal and equitable rights and remedies as to all or such part of the Collateral as Lender, in its sole and absolute discretion, shall elect: (1) with respect to the Events of Default specified in subparagraphs "(a)" through "(d)" of the preceding paragraph of this Order, immediately upon the giving of the Default Notice; or (2) with respect to Events of Default other than those specified in subparagraphs "(a)" through "(d)" of the preceding paragraph of this Order, immediately upon expiration of the Remedy Notice Period unless a Restraint on Remedies has timely been obtained from the Court; or (3) upon the occurrence of the Expiration Date, immediately.

17.     The Debtors shall provide Lender and, subject to the Committee's execution of an appropriate confidentiality agreement, the Committee with such written reports, certified

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

13

1   by an officer of the Debtors acceptable to Lender to be accurate to the best of such officer's

2   knowledge, information and belief, as are required under the Pre-Petition Agreements, and

3   such additional written reports as Lender shall reasonably require, including without

4   limitation a weekly report no later than Wednesday of each week showing the Debtors'

5   actual cash receipts and disbursements for the prior week and the variances between such

6   actual amounts and the amounts set forth in the Budget for such Budget period.

7        18.   Lender shall have the right, upon one (1) business day telephone or facsimile-

8   transmitted written notice to the Debtors, at any time during the Debtors' normal business

9   hours, to inspect, audit, examine, check, make copies of or extracts from the books, accounts,

10  checks, orders, invoices, bills of lading, correspondence and other records of the Debtors,

11  and to inspect, audit and monitor all or any part of the Collateral, and the Debtors shall make

12  all of same available to Lender and its representatives, for such purposes. Lender's agents,

13  employees, independent contractors, representatives or retained professionals may make

14  recommendations to Debtors regarding cost-cutting measures and the implementation thereof

15  as contemplated by the Budget and/or any draft or final business plan of the Debtors, and to

16  discuss any of the foregoing with Debtors' officers, retained professionals or employees, all

17  without Lender being deemed to be in control of, or a fiduciary for, any of Debtors.

18       19.   For purposes of this Order, "Proceeds" shall mean any and all payments,

19  proceeds or other consideration realized upon the sale, liquidation, collection or disposition

20  of the Collateral, whether in the ordinary course of the Debtors' businesses (including

21  without limitation receivables and other proceeds arising from the Debtors' sales of

22  inventory and/or performance of services) or other than in the ordinary course of the

23  Debtors' businesses.

24       20.   The pre-petition clearing, dominion, lockbox and similar accounts maintained

25  by or on behalf of the Debtors pursuant to the Pre-Petition Agreements at certain banking

26  institutions for the collection of Proceeds obtained in the ordinary course of the Debtors'

27  businesses, and the payment procedures under which such accounts are administered

28  (collectively, the "Collection Accounts and Procedures"), shall continue in full force and

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

14

84176.6

1  effect unless otherwise directed by Lender provided that the Debtors will do so in a manner

2  that complies with the Guidelines of the United States Trustee.  Without limitation of the

3  foregoing, from and after the date of this Order, the Debtors shall remit to Lender such cash,

4  cash equivalents and checks as are Proceeds obtained in the ordinary course of the Debtors'

5  businesses to Lender, and/or shall cause customers and account debtors of the Debtors to

6  remit such cash, cash equivalent and checks as are such Proceeds to Lender, in accordance

7  with the Collection Accounts and Procedures and in accordance with the terms and

8  conditions of the Pre-Petition Agreements.

9       21.    So long as any Post-petition Obligations are outstanding, the Debtors and any

10  successors to the Debtors, including without limitation any successor trustee or trustees, shall

11  (a) assign or direct to Lender any and all Proceeds realized other than in the ordinary course

12  of the Debtors' businesses (a "Disposition"), including without limitation the proceeds of

13  sales authorized pursuant to Bankruptcy Code § 363 and/or or any plan of reorganization,

14  and (b) immediately deliver any and all such Proceeds which come into their possession to

15  Lender in the form received.  In furtherance of the foregoing, neither the Debtors nor the

16  Committee shall seek to cause the escrow of, enjoin Lender's receipt of, or otherwise

17  withhold from Lender any Proceeds of any Disposition, and any order of the Court

18  authorizing a Disposition shall provide for Lender's receipt of Proceeds in accordance with

19  the provisions of this paragraph.

20       22.    Lender is authorized, notwithstanding the provisions of Bankruptcy Code §

21  362 but subject to the other provisions of this Order, to retain and apply Proceeds to the

22  repayment of the Obligations as set forth in the Pre-Petition Agreements.    Except as

23  otherwise specified in this Order, and subject to any valid and unavoidable lien that is senior

24  to the Liens of  Lender, such applications of Proceeds shall be free and clear of any claim,

25  charge, assessment or other liability including, without limitation, any such claim or charge

26  arising out of or based on, directly or indirectly, Bankruptcy Code §§ 506(c) or 552(b).

27       23.    Without prejudice to the rights of the Committee to the extent set forth in the

28  following paragraph of this Order, (a) the validity, extent, priority, perfection, enforceability

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

15

84176.6

1 and non-avoidability of Lender's pre-petition claims against the Debtors and/or Liens shall

2 not be subject to challenge by the Debtor, (b) the Debtors shall not seek to avoid or challenge

3 (whether pursuant to Chapter 5 of the Bankruptcy Code or otherwise) any transfer made by

4 or on behalf of the Debtors to or for the benefit of Lender prior to the Petition Date, and (c)

5 the Debtors hereby release, waive and affirmatively agree not to allege or otherwise pursue

6 any or all defenses, affirmative defenses, counterclaims, claims, causes of action,

7 recoupments, setoffs or other rights that it may have to contest (1) any Defaults or Events of

8 Default (as defined in the Pre-Petition Agreements) which were or could have been declared

9 by Lender as of the Petition Date, (2) any provisions of the Pre-Petition Agreements, (3) the

10 amount of the Debtors' indebtedness to Lender as of the Petition Date, or (4) the conduct of

11 Lender in administering the pre-petition business relationship between the Debtors and

12 Lender, including without limitation "lender liability" and/or "deepening insolvency" claims

13 and causes of action. Lender shall have no Carve-Out obligations to the Debtors or to any of

14 the Debtors' Professionals with respect to any investigation or litigation (whether threatened

15 or pending) by the Debtors with respect to any matter released, waived or specified as not

16 subject to challenge by the Debtors pursuant to this paragraph.

17     24.    Notwithstanding the Debtors' release and waiver set forth in the preceding

18 paragraph of this Order, the Committee, through and until the effective date of any

19 confirmed plan of reorganization of the Debtors, and thereafter any estate representative

20 appointed pursuant to such confirmed plan of reorganization, shall have a period of nine (9)

21 months from the effective date of such confirmed plan of reorganization to commence an

22 adversary proceeding *or action* against Lender and/or Heritage Partners, Inc., Heritage Fund I, L.P.,

23 Heritage Fund III, L.P., Heritage Fund IIIA, L.P., Heritage Investors III, L.L.C., and

24 Heritage Fund III Investment Corp. and their affiliates ("Heritage") for the purpose of (1)

25 challenging the validity, extent, priority, perfection, enforceability and non-avoidability of

26 Lender's and/or Heritage's pre-petition claims against the Debtors and/or Liens, (2) seeking

27 to avoid or challenge (whether pursuant to Chapter 5 of the Bankruptcy Code or otherwise)

28 any transfer made by or on behalf of the Debtors to or for the benefit of Lender or Heritage

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

1   prior to the Petition Date, (3) seeking an appropriate remedy with respect to the Pre-Petition

2   Claim should the Court determine that the interests of Lender in the Pre-Petition Collateral

3   are invalid or avoidable in whole or in part, or prove to be undersecured, and/or (4) seeking

4   damages or equitable relief against Lender and/or Heritage with respect to the conduct of

5   Lender and/or Heritage in administering their respective pre-petition business relationships

6   with the Debtors, including without limitation "lender liability" and/or "deepening

7   insolvency" claims and causes of action. If the Committee or such estate representative fails

8   to commence such an adversary proceeding or file such a motion (a "Challenge"),

9   respectively, within the applicable time period, then the Committee or such estate

10  representative shall be barred forever from doing so. The foregoing is without prejudice to

11  any and all of Lender's legal and equitable claims, counterclaims, defenses and/or rights of

12  offset and setoff in response to any such Challenge, all of which are reserved, and the

13  foregoing shall in no event revive, renew or reinstate any applicable statute of limitations

14  which may have expired prior to the date of initiation of such Challenge. Nothing contained

15  herein shall limit the Court's ability to fashion an appropriate remedy should the Court

16  determine, by final order resulting from an adversary proceeding or motion timely

17  commenced in accordance with the provisions of this paragraph, such Challenge adverse to

18  Lender and/or Heritage. Lender shall have no Carve-Out obligations to any person or entity

19  (including without limitation the Committee) or to any of Professional of any such person or

20  entity with respect to any Challenge (whether threatened or pending) against Lender with

21  respect to any matter set forth in this paragraph, except that the Carve-Out may be used by

22  the Committee for the investigation of any matter set forth in this paragraph. Without

23  prejudice to the right of any other party in interest to seek such authority, the Committee may

24  seek to commence the proceedings described in this paragraph on behalf of the Debtors'

25  estates and Lender and Heritage will not object to the granting of such authority to the

26  Committee.

27        25.    Lender shall be entitled to the benefits and protections of this Order, including

28  the protections afforded pursuant to Bankruptcy Code § 364(e), with respect to all loans,

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

17

1  advances and/or financial accommodations made by Lender to or for the benefit of the

2  Debtors pursuant to this Order. Pursuant to the provisions of Bankruptcy Code § 364(e), the

3  Post-Petition Lien shall be binding on the Debtors or any successor trustee or trustees even if

4  this Order is reversed or modified on appeal.

5       26.    The terms and conditions of this Order shall be: (a) immediately enforceable

6  pursuant to Bankruptcy Rule 8005; and (b) not be stayed absent (1) an application by a party

7  in interest for such stay in conformance with such Bankruptcy Rule 8005, and (2) a hearing

8  upon notice to the Debtors and Lender.

9       27.    The provisions of this Order and any actions taken pursuant hereto shall

10  survive entry of any orders which may be entered confirming any plan of reorganization or

11  which may be entered converting this case from Chapter 11 to Chapter 7 of the Bankruptcy

12  Code. The terms and provisions of this Order, as well as the claims, liens, mortgages and

13  security interests granted by this Order, shall continue in this or any superseding case under

14  the Bankruptcy Code and shall continue notwithstanding any dismissal of the Debtors'

15  bankruptcy cases (and any such order of dismissal shall so provide), and such claims, liens,

16  mortgages and security interests shall maintain their priority as provided by this Order until

17  the Post-Petition Claim is satisfied in full. No Proceeds, Cash Collateral or Carve-Out may

18  be used by any party in interest seeking to modify any of the rights granted to Lenders under

19  this Order or any other DIP Financing Document without Lender's prior written consent.

20       28.    Lender and the Debtors may amend, modify, supplement and/or waive the

21  provisions of the DIP Financing Documents, including without limitation the Budget,

22  without further order of the Court, provided that the Debtors serve upon the Noticed Parties,

23  no less than one Court day prior to the proposed effective date thereof, notice of such

24  amendments, modifications, supplements and/or waivers. No such filing and/or service shall

25  be required with respect to amendments, modifications, supplements and/or waivers that are

26  non-material, technical and/or ministerial.

27       29.    To the extent that any of the provisions of this Order shall conflict with any of

28  the provisions of the Pre-Petition Agreements, this Order is deemed to control and shall

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

18

1  supersede the conflicting provision(s) in said agreement(s).  To the extent that any of the

2  provisions of this Order shall conflict with any orders of the Court authorizing the Debtors to

3  continue the use of pre-petition bank accounts, cash management systems and/or business

4  forms, or any similar orders, then this order is deemed to control and supersede the

5  conflicting provision(s) in said orders.

6        30.    The DIP Financing Documents shall be in effect for the period commencing

7  with the Petition Date through and including the earlier of June 9, 2006 or the effective date

8  of any plan of reorganization of the Debtors (the "Expiration Date") unless otherwise

9  extended from time to time pursuant to a mutually acceptable Budget for such extension

10  periods:  (a) as may be agreed to by Lender, Debtors and the Committee, without further

11  order of the Court, or (b) as may be agreed to by Lender and Debtors, and authorized by

12  further order of the Court.

13        31.    The Court hereby finds, based upon the record of the interim and final hearings

14  with respect to the Motion and based upon the several supplemental declarations filed in

15  support thereof, that Lender made $1,888,385.74 of post-petition emergency advances to the

16  Debtors in good faith prior to the Court's interim approval of the DIP Financing Documents

17  on March 21, 2006 to enable the Debtors and the estates to maintain operations, and thereby

18  avoid immediate and irreparable harm, and among other things to ensure their delivery of

19  prescription medication to veterans, and thereby further the public interest.  Accordingly, the

20  Court hereby determines that the relief granted in this Order and in the Court's interim order

21  dated March 21, 2006 is effective *nunc pro* tunc to the Petition Date such that all such

22  emergency advances are Post-Petition Obligations of the Debtors entitled to the priority,

23  security and other protections set forth in this Order.

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

84176.6

1

Dated: April 10, 2006

2

3                                          _Ellen Carroll_
                                           HONORABLE ELLEN CARROLL
4                                          UNITED STATES BANKRUPTCY JUDGE

5

Presented by:

6

7

8
LEE R. BOGDANOFF
9
MARTIN R. BARASH
KLEE, TUCHIN, BOGDANOFF & STERN LLP
10
Proposed Reorganization Counsel for
11
Debtors and Debtors in Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

84176.6

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

## APX LOGISTICS, INC
### Liquidation Summary

*In Thousands of Dollars*

| | Total | Notes |
|---|---|---|
| **Asset Conversion** | | |
| Collections from Existing AR | 28,586 | 73.2% of Balance net of rebates/deposits/contras |
| Collections from New Billings | 5,104 | 70% of gross billings |
| | | |
| Rolling Stock | 513 | 15% of original book if original book > $25,000 |
| Other Equipment | 1,504 | 34% of net book less unpaid cap-ex |
| Forklifts | 159 | 25% of original book |
| | | |
| **Gross Recoveries** | **$35,867** | |
| | | |
| **Original W/E/Dest.** | | |
| Package Delivery | (6,898) | 2.7 million pieces at $2.55 per piece |
| Terminal Managers | (200) | |
| Retention | (100) | Assumes 1 week retention for every 2 weeks |
| Rent | (1,171) | Equals 0.5 month's rent at all locations and 1.5 month's rent at locations with equipment value |
| Utilities | (124) | |
| Utility Deposits | (248) | |
| Supplies | (8) | |
| Security | (360) | |
| Truck Rental | (80) | |
| Misc. | (140) | |
| **Corporate** | | |
| Payroll | (869) | Non-discretionary up to $824k |
| Retention | (521) | Non-discretionary up to $462k |
| Health/Dental | (1,090) | Non-discretionary |
| P/C Insurance | 0 | |
| Misc | (85) | |
| **Other Uses** | | |
| Debtor's Counsel | (605) | Non-discretionary |
| Creditor's Committee Counsel | (150) | Non-discretionary |
| Consulting Fees | (400) | Non-discretionary |
| Accrued Wages/Taxes/Sales Comm/Vac/Empl Exp | (3,861) | Non-discretionary: Wages-$2M, Interim -$0.2M, Sales Comm - $0.1M, Expenses - $0.3M, Taxes - $0.3M, Vac - $1.0M |
| Accrued Independent Drivers | (1,800) | |
| | | |
| **Total Liquidation Expenses** | **($18,690)** | |
| | | |
| **Net Recoveries** | **$17,177** | |

4/7/2006 11:29 AM

1

revisedexhibits

**APX LOGISTICS, INC.**
Projected Results of Operations and Cash Flow

## CASH FLOW - INITIAL 10 DAYS

| Day —> | 1 | 2 | 3 | Week 1 4 | 5 | 6 | 7 | Total Week 1 | 8 | 9 | 10 | Week 2 11 | 12 | 13 | 14 | Total Week 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Existing AR Collections | | | | | | | | | | | | | | | | |
| Fixed Asset Sales | | | | | | | | | | | | | | | | |
| **Total Proceeds** | 1,500.0 | 1,500.0 | 1,500.0 | 1,500.0 | 1,500.0 | | | 8,000.0 | 800.0 | 800.0 | 800.0 | 800.0 | 800.0 | | | 4,000.0 |
| Original W/E/Destination | 137.0 | 137.0 | 73.8 | 42.9 | 32.1 | | | 422.9 | 21.2 | 10.6 | 6.5 | 2.4 | 1.6 | 0.8 | | 43.0 |
| DHL | 1,065.5 | 1,065.5 | 431.2 | 220.6 | 148.0 | | | 2,975.8 | 97.6 | 49.0 | 29.9 | 11.0 | 7.3 | 3.7 | | 198.4 |
| Linehaul | 201.8 | 201.8 | 81.9 | 42.4 | 28.7 | | | 556.6 | 18.9 | 9.5 | 5.8 | 2.1 | 1.4 | 0.7 | | 38.5 |
| Sorting | 382.7 | 382.7 | 189.4 | 119.3 | 89.9 | | | 1,153.9 | 59.5 | 29.7 | 18.0 | 6.4 | 4.3 | 2.1 | | 120.1 |
| P&D Independent Contractors | 473.8 | 473.8 | 188.2 | 96.3 | 64.6 | | | 1,296.8 | 42.6 | 21.4 | 13.0 | 4.8 | 3.2 | 1.6 | | 86.6 |
| 3rd Party Transportation | | | | | 40.8 | | | 40.8 | | | | | 88.9 | | | 88.9 |
| Terminal Management | | | | | 661.8 | | | 661.8 | | | | | 62.0 | | | 62.0 |
| Severance/Retention | | | | | 62.0 | | | 62.0 | | | | | | | | |
| Pools | | | | | 248.0 | | | 248.0 | | | | | 3.8 | | | 3.8 |
| Security | | | | | 3.8 | | | 3.8 | | | | | 60.0 | | | 60.0 |
| Tax Rental | 10.0 | 10.0 | 10.0 | 10.0 | 60.0 | | | 60.0 | 10.0 | 10.0 | 10.0 | 10.0 | 40.0 | | | 40.0 |
| Misc | 10.0 | 10.0 | 10.0 | 10.0 | 40.0 | | | 40.0 | 10.0 | 10.0 | 10.0 | 10.0 | 10.0 | | | 50.0 |
| | | | | | 40.0 | | | 40.0 | | | | | | | | |
| | | | | | 50.0 | | | 50.0 | | | | | | | | |
| **Subtotal Original W/E/Dest** | 2,290.9 | 2,290.9 | 974.4 | 531.6 | 1,489.5 | | | 7,577.3 | 249.9 | 130.3 | 83.2 | 36.7 | 262.4 | 8.9 | | 791.3 |
| Corporate | | | | | | | | | | | | | 495.1 | | | 495.1 |
| Payroll | | | | | | | | | | | | | 243.2 | | | 243.2 |
| Retention | | | | | 570.0 | | | 570.0 | | | | | 350.0 | | | 350.0 |
| Creditor's Committee Counsel | | | | | | | | | | | | | 5.0 | | | 5.0 |
| Debtor's Counsel | | | | | | | | | | | | | | | | |
| Operating Fees | | | | | | | | | | | | | 1.0 | | | |
| P/E Insurance | | | | | | | | | | | | | | | | |
| Health/Dental | | | | | | | | | | | | | | | | |
| Other | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | | | 5.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1.0 | | |
| **Subtotal Corporate** | 1.0 | 1.0 | 1.0 | 1.0 | 571.0 | | | 575.0 | 1.0 | 1.0 | 1.0 | 1.0 | 1,089.3 | 1.0 | | 1,093.3 |
| Other (Sources)/Uses | | | | | 55.0 | | | 55.0 | | | | | 55.0 | | | 55.0 |
| Accrued Wages/Taxes/Sales Comm | | | | | 70.0 | | | 70.0 | | | | | 60.0 | | | 60.0 |
| Accrued Independent Drivers | | | | | 3,661.3 | | | 3,661.3 | | | | | | | | |
| | | | | | 1,800.0 | | | 1,800.0 | | | | | | | | |
| **Total Other (Sources)/Uses** | | | | | 5,786.3 | | | 5,786.3 | | | | | 115.0 | | | 115.0 |
| **Cash Flow (Sources)/Uses** | (691.9) | (691.9) | 624.6 | 1,067.4 | (6,246.8) | | | (5,938.6) | 549.1 | 668.7 | 715.8 | 763.3 | (688.7) | (8.9) | | 2,000.6 |
| **Cum Cash Flow** | (691.9) | (1,383.3) | (783.3) | 304.1 | (5,938.6) | | | (5,938.6) | (5,389.5) | (4,720.8) | (4,006.0) | (3,242.7) | (3,925.4) | (3,933.3) | | (3,933.3) |

**APX LOGISTICS, INC.**
Projected Results of Operations and Cash Flow
11-Mar thru 9-Jun

**COMBINED CASH FLOW**

| Week Ending → | 1 17-Mar | 2 24-Mar | 3 31-Mar | 4 7-Apr | 5 14-Apr | 6 21-Apr | 7 28-Apr | 8 5-May | 9 12-May | 10 19-May | 11 26-May | 12 2-Jun | 13 9-Jun | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AR Collections | 8,000.0 | 4,000.0 | 1,464.0 | 1,464.0 | 1,464.0 | 1,464.0 | 1,464.0 | 1,764.0 | 1,964.0 | 2,660.6 | 2,660.6 | 2,660.6 | 2,660.6 | 33,690.6 |
| Fixed Asset Sales | | | | | | | | 2,176.2 | | | | | | 2,176.2 |
| **Total Proceeds** | **8,000.0** | **4,000.0** | **1,464.0** | **1,464.0** | **1,464.0** | **1,464.0** | **1,464.0** | **3,940.3** | **1,964.0** | **2,660.6** | **2,660.6** | **2,660.6** | **2,660.6** | **35,866.8** |
| DHL | 422.9 | 43.0 | | | | | | | | | | | | 466.0 |
| Original/WD/Destination | 2,970.8 | 198.4 | | | | | | | | | | | | 3,169.2 |
| Postage | 556.5 | 38.5 | | | | | | | | | | | | 595.0 |
| Sort/Svcg | 1,163.9 | 120.1 | | | | | | | | | | | | 1,284.1 |
| 3rd Party Transportation | 1,200.1 | 86.6 | | 8.4 | 12.7 | 8.4 | | | | | | | | 1,383.4 |
| P&D Independent Contractors | 1,298.8 | 88.9 | 40.8 | | | 100.0 | | | | | | | | 1,200.1 |
| Fleet Management | 40.8 | | 509.5 | 184.5 | | 64.1 | | 45.9 | | 44.2 | | 35.4 | 112.5 | 1,171.3 |
| Corporate | 661.8 | | | 87.9 | | 27.7 | | 18.6 | | 17.8 | | 13.3 | | 124.0 |
| Utility Deposits | 62.0 | 62.0 | | | | 150.0 | | | | 20.0 | | | | 248.0 |
| Supplies | 248.0 | 3.8 | | | | | | | | | | | | 7.5 |
| Specialty | 3.8 | | | | | | | | | | | | | 360.0 |
| Truck Rental | 60.0 | 60.0 | 60.0 | 60.0 | 60.0 | 60.0 | | | | | | | | 80.0 |
| Misc. | 60.0 | 40.0 | 40.0 | 10.0 | 10.0 | 10.0 | | 40.0 | 40.0 | 40.0 | 40.0 | 40.0 | 40.0 | 140.0 |
| Payroll | 40.0 | 50.0 | 50.0 | | | | | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 889.1 |
| Retention | 570.0 | 485.1 | 10.0 | | | | | 35.0 | 10.0 | 10.0 | 10.0 | 30.0 | 10.0 | 521.1 |
| Health/Dental | | 243.2 | | | | | | | | | | | | 1,090.0 |
| P/C Insurance | | 350.0 | | | | | | | | | | | | |
| Other | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 5.0 | 65.0 |
| **Total Wind-Down Disbursements** | **8,152.3** | **1,884.6** | **625.4** | **355.0** | **87.7** | **425.2** | **5.0** | **69.5** | **5.0** | **87.0** | **5.0** | **53.7** | **117.5** | **11,873.7** |
| **Other (Sources)/Uses** | | | | | | | | | | | | | | |
| Debtor's Counsel | 55.0 | 55.0 | 55.0 | 50.0 | 50.0 | 50.0 | 50.0 | 40.0 | 40.0 | 40.0 | 40.0 | 40.0 | 40.0 | 605.0 |
| Creditor's Committee Counsel | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 13.6 | 149.6 |
| Consulting Fees | 70.0 | 60.0 | 75.0 | 50.0 | 15.0 | 15.0 | 10.0 | 35.0 | 10.0 | 10.0 | 10.0 | 30.0 | 10.0 | 400.0 |
| Accrued Wages/Taxes/Sales Comm/Empl Exp/Vac | 3,861.3 | | | | | | | | | | | | | 3,861.3 |
| Accrued Independent Drivers | 1,800.0 | | | | | | | | | | | | | 1,800.0 |
| Other | 5.0 | | | | | | | | | | | 5.0 | | |
| **Other (Sources)/Uses** | **5,786.3** | **115.0** | **143.6** | **113.6** | **78.6** | **78.6** | **73.6** | **88.6** | **63.6** | **63.6** | **63.6** | **83.6** | **63.6** | **6,815.9** |
| **Cash Flow** | (5,938.6) | (3,938.3) | (3,243.2) | (2,248.6) | (850.9) | 960.2 | 1,385.4 | 3,782.2 | 1,835.4 | 2,510.0 | 2,592.0 | 2,523.3 | 2,479.5 | 17,177.1 |
| **Cumulative Cash Flow** | (5,938.6) | (3,938.3) | (3,243.2) | (2,248.6) | (850.9) | 9.4 | 1,394.3 | 5,177.0 | 7,072.4 | 9,582.4 | 12,174.4 | 14,697.7 | 17,177.1 | |

4/7/2006 11:29 AM

revisedexhibits

EXHIBIT A
PAGE 23

**VA Expense Itemization**

| | Week 1 | | | | | Week 2 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 3/20/2006 | 3/21/2006 | 3/22/2006 | 3/23/2006 | 3/24/2006 | 3/27/2006 | 3/28/2006 | 3/29/2006 | 3/30/2006 | 3/31/2006 |
| **CASH FLOW SUMMARY** | | | | | | | | | | |
| Total Sales (Invoices) | - | - | | - | - | - | - | | - | - |
| | | | | | | | | | | |
| Total Cash Collections Applied To AR | | | 1,279,593 | | | | | 1,279,593 | | |
| | | | | | | | | | | |
| **CASH CLEARINGS** | | | | | | | | | | |
| General AP | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| Rent | | | | | | | | | | |
| Insurance | | | | 212,500 | | | | | 212,500 | |
| Payroll | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 |
| Temp Labor | | | | | 400,000 | | | | | |
| Service Partners | | | | | 5,000 | | | | | |
| Third Party Carriers | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 |
| DHL & Purchased Transportation | | | | | 40,000 | | | | | |
| Linehaul | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 |
| Revenue Equipment | | | | | | | | | | |
| Postage | | | | | | | | | | |
| Capital Expenditures | | | | | 375,000 | | | | | 375,000 |
| Contingency | | | | | | | | | | |
| **Total Cash Disbursements (Clearings)** | 243,692 | 243,692 | 243,692 | 456,192 | 1,058,692 | 243,692 | 243,692 | 243,692 | 456,192 | 618,692 |

## VA Expense Itemization

| | Week 3 | | | | | Week 4 | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 4/3/2006 | 4/4/2006 | 4/5/2006 | 4/6/2006 | 4/7/2006 | 4/10/2006 | 4/11/2006 | 4/12/2006 | 4/13/2006 | 4/14/2006 | Total |
| **CASH FLOW SUMMARY** | | | | | | | | | | | |
| Total Sales (Invoices) | - | - | | - | - | - | - | | - | - | 5,118,374 |
| | | | | | | | | | | | |
| Total Cash Collections Applied To AR | | | 1,279,593 | | | | | 1,279,593 | | | |
| | | | | | | | | | | | |
| **CASH CLEARINGS** | | | | | | | | | | | |
| General A/P | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 100,000 |
| Rent | | | | | | | | | | | 400,000 |
| Insurance | | | | | | | | | | | - |
| Payroll | | | | 212,500 | | | | | 212,500 | | 850,000 |
| Temp Labor | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 26,871 | 537,429 |
| Service Partners | | | | | | | | | | | - |
| Third Party Carriers | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 43,506 | 870,124 |
| DHL & Purchased Transportation | | | | | | | | | | | 40,000 |
| Linehaul | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 168,314 | 3,365,289 |
| Revenue Equipment | | | | | | | | | | | 168,314 |
| Postage | | | | | | | | | | | 375,000 |
| Capital Expenditures | | | | | 375,000 | | | | | 375,000 | 1,500,000 |
| Contingency | | | | | | | | | | | - |
| Total Cash Disbursements (Clearings) | 243,692 | 243,692 | 243,692 | 456,192 | 618,692 | 243,692 | 243,692 | 243,692 | 456,192 | 618,692 | 7,663,842 |

Klee, Tuchin, Bogdanoff & Stern LLP
Attn:  Martin R. Barash, Esq.
2121 Avenue of the Stars, 33rd Floor
Los Angeles, CA  90067

David W. Meadows, Esq.
Rodger M. Landau, Esq.
Landau & Meadows
1801 Century Park East, Ste. 1250
Los Angeles, CA  90067

Werner Enterprises, Inc.
c/o Richard S. Reiser
Executive Vice President and General
Counsel
P.O. Box 45308
Omaha, NE  68145-0308

Office of the U.S. Trustee
Attn:  Alvin Mar, Esq.
725 S. Figueroa Street, Suite 2600
Los Angeles, CA  90017

Tri-State Staffing, Inc.
c/o Jay Schecter
Vice President and General Counsel
160 Broadway, 15th Floor
New York, NY  10038

NYK/GST Corporation
c/o William Maloney
Senior Vice President Finance
2417 E. Carson St., Ste. 210
Long Beach, CA  90810

Hahn & Hessen LLP
Attn: Gilbert Backenroth, Esq.
488 Madison Avenue
New York, NY  10022

CRST Van Expedited, Inc.
c/o Wes Brackey
Secretary/Treasurer
3930 16th Avenue SW
Cedar Rapids, IA  52404

W.W. Grainger, Inc.
c/o David S. Hanson
Jane Hinton-Kido (alternate)
Legal Department
100 Grainger Parkway
Lake Forest, IL  60045-5201

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| | |
|---|---|
| In re<br>APX Holdings, L.L.C.,<br><br>Debtor. | CHAPTER ___11_____<br><br>CASE NUMBER   LA 06-10875-EC |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.    You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify):*

FINAL FINANCING ORDER AUTHORIZING BORROWING WITH PRIORITY OVER ADMINISTRATIVE EXPENSES AND SECURED BY LIENS ON PROPERTY OF THE ESTATE PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE

Was entered on *(specify date):*   4/10/06

2.    I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date):*   4/10/06

Dated:   4/10/06

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _____
Deputy Clerk