1  MICHAEL L. TUCHIN (State Bar No. 150375)
   MARTIN R. BARASH (State Bar No. 162314)
2  COURTNEY E. POZMANTIER (State Bar No. 242103)
   KLEE, TUCHIN, BOGDANOFF & STERN LLP
3  1999 Avenue of the Stars, 39th Floor
   Los Angeles, California  90067-6049
4  Telephone:    (310) 407-4000
   Facsimile:    (310) 407-9090
5
   Formerly Bankruptcy Counsel for Debtors in Possession
6
   Debtors' Mailing Address
7  600 Anton Blvd., 11th Fl.
   Costa Mesa, CA 92626
8
9            UNITED STATES BANKRUPTCY COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11               LOS ANGELES DIVISION
12  In re                                    | Bk. No.  06-10875 (Jt. Admin)

13  **APX HOLDINGS, L.L.C. (FEIN 95-**          In Cases Under Chapter 7 of the
    **xxx1125); APX LOGISTICS, INC., f/k/a**    Bankruptcy Code (11 U.S.C. § 701, et seq.)
14  **American Package Express, Inc. (FEIN 91-**
15  **xxx0065); APX EXPRESS, INC., f/k/a**      **SECOND INTERIM APPLICATION OF**
    **Western Parcel Express, Inc. (FEIN 95-**  **KLEE, TUCHIN, BOGDANOFF & STERN**
16  **xxx9016); APX CENTRAL, INC., f/k/a**      **LLP FOR ALLOWANCE AND PAYMENT**
    **Central Parcel Express, Inc. (FEIN 06-**  **OF INTERIM COMPENSATION AND**
17  **xxx7061); CTC DIRECT, INC., f/k/a CTC**   **REIMBURSEMENT OF EXPENSES AS**
    **ACQUISITION CORPORATION (FEIN**           **BANKRUPTCY COUNSEL TO THE**
18  **41-xxx2089); PARCEL SHIPPERS**            **DEBTORS AND DEBTORS IN**
    **EXPRESS, INC. (FEIN 39-xxx6865); VA**     **POSSESSION FOR THE PERIOD OF**
19  **PARCEL, L.L.C. (FEIN 41-xxx7015);**       **JULY 1, 2006 THROUGH SEPTEMBER 21,**
    **TEX-PACK, INC., f/k/a Tex-Pack**          **2006; DECLARATION OF COURTNEY E.**
20  **Holdings, Inc. (FEIN 06-xxx6098); TEX-**  **POZMANTIER**
21  **PACK EXPRESS, L.P., a/k/a Consolidated**
    **Tex-Pack Express, Tex-Pack Express Of**            **Hearing**
22  **Dallas, Western Tex-Pack Express,**       Date:     July 5, 2007
    **Mistletoe Tex-Pack Express (FEIN 06-**    Time:     1:30 p.m.
23  **xxx4970),**                               Place:    Courtroom 1639
24                                                        Roybal Federal Building
                                                          255 East Temple Street
25              Debtors.                                   Los Angeles, CA 90012
26
27
28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

95981.1

**TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE CHAPTER 7 TRUSTEE; BANK OF AMERICA, N.A.; AND OTHER PARTIES ENTITLED TO NOTICE:**

By this Second Interim Fee Application, Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S"), formerly bankruptcy counsel for APX Holdings, L.L.C. and its chapter 11 affiliates as debtors in possession (collectively, the "Debtors"), respectfully applies for an order of this Court: (1) allowing interim compensation to KTB&S in the amount of $430,979.72, representing $393,825.00 in professional services rendered and $37,154.72 in expenses incurred, during the period from July 1, 2006 through September 21, 2006 (the "Second Interim Period"), after giving effect to voluntary write-offs of $50,101.46 in professional fees; (2) authorizing the Debtors to pay the unpaid balance of that amount $179,729.16; (3) authorizing the Debtors to pay $121,715.19 in unpaid holdbacks from the First Interim Period previously approved on an interim basis by this Court's "Omnibus Order Approving First Interim Applications For Allowance And Payment Of Interim Compensation And Reimbursement Of Expenses" [Docket No. 182] (the "First Fee Application Order"); (4) allowing and approving an additional $2,500.00 for preparing this Application and attending a hearing thereon[1]; and (5) granting KTB&S such other relief that is consistent with the foregoing that the Court deems necessary and appropriate.

KTB&S submits this Application in accordance with the Bankruptcy Code, the "Order Establishing Procedures for Interim Payment of Fees and Expenses to Professionals" (the "Fee Procedures Order") entered on the Court's official docket on May 3, 2006 [Docket No. 198], the "Guide to Applications for Professional Compensation" (the "UST Guidelines") promulgated by the Office of the United States Trustee (the "OUST"), and the Local Bankruptcy Rules for the Central District of California. In support of this Application,

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

---

[1] KTB&S has estimated that it will incur at least $2,500.00 in fees and expenses preparing this Application and attending a hearing thereon. KBT&S will furnish backup to the Debtors setting forth the actual amounts incurred prior to requesting payment and will only request payment on those amounts incurred.

95981.1

1

1  KTB&S respectfully represents and states the following:

2

3  **I.**

4  **SUMMARY OF KTB&S'S ENGAGEMENT**

5  KTB&S is a law firm that limits its practice to business reorganizations, corporate

6  insolvency, commercial litigation, corporate transactions, bankruptcy-related asset

7  acquisitions, bankruptcy litigation, appellate advocacy, and expert witness services in the

8  bankruptcy field – all of which are areas in which KTB&S attorneys have extensive

9  experience.  KTB&S lawyers are headquartered in Los Angeles, California, but regularly

10  handle matters and appear in bankruptcy proceedings throughout the United States.

11  On March 28, 2006, the Debtors filed their "Application of Debtors and Debtors in

12  Possession for Order: (1) Authorizing Employment of Klee, Tuchin, Bogdanoff & Stern LLP

13  as Bankruptcy Counsel; and (2) Authorizing Klee, Tuchin, Bogdanoff & Stern LLP to Draw

14  Down on Chapter 11 Retainer" [Docket No. 69].  On May 4, 2006, this Court approved

15  KTB&S's employment as the Debtors' bankruptcy counsel pursuant to the "Order Granting

16  Application of Debtors and Debtors in Possession for Authorization to Employ Klee, Tuchin,

17  Bogdanoff & Stern LLP as Bankruptcy Counsel and Authorizing Klee, Tuchin, Bogdanoff &

18  Stern LLP to Draw Down on Chapter 11 Retainer" [Docket No. 198] (the "Employment

19  Order").

20  KTB&S ceased providing services to the Debtors as of September 21, 2006, the date

21  these cases were converted to chapter 7 (the "Conversion Date").

22  Notably, given the settlement agreement reached among the Debtors, Bank of

23  America, N.A. ("BofA"), the Official Committee of Unsecured Creditors (the "Committee"),

24  and Heritage Fund II, L.P. ("Heritage"), BofA is, in effect, responsible for any amounts

25  allowed to KTB&S.  As a result allowance or disallowance of KTB&S's fees should not alter

26  the recovery to unsecured creditors.

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

## II.

## SUMMARY OF COMPENSATION REQUEST

### A.    Professionals and Hourly Rates.

The attorneys who were principally responsible for rendering services to the Debtors during the Second Interim Period were Michael L. Tuchin, Martin R. Barash, Laura L. Buchanan, Matthew C. Heyn, and Courtney E. Pozmantier.    Other KTB&S professionals rendered limited services on discrete matters from time to time, as necessary.    In general, tasks were allocated among the professionals based upon their comparative expertise; whenever feasible, work was allocated to individuals with lower hourly rates.    KTB&S endeavored to represent the Debtors as effectively and efficiently as possible.    Nevertheless, in the exercise of its billing discretion, <u>KTB&S voluntarily wrote off $50,101.46 (representing 157.60 hours incurred on behalf of the Debtors)</u>.    Such write-offs are shown in the time entries accompanying this Application in <u>Exhibit 3</u>.    Attached hereto as <u>Exhibit 1</u> is a summary of the background and qualifications of the KTB&S professionals who rendered services to the Debtors during the Second Interim Period.    Attached hereto as <u>Exhibit 2</u> are the billing rates for each of those individuals during the Second Interim Period and a summary of the hours billed and fees incurred on behalf of the Debtors by each of those individuals during the Second Interim Period.

### B.    Fees and Expenses for the Second Interim Period.

Prior to March 16, 2006 (the "Petition Date"), the Debtors furnished to KTB&S a retainer of $379,356.    Shortly before the Petition Date, KTB&S applied a portion of its prepetition retainer to cover its estimated prepetition fees and expenses.    As of the Petition Date, the remaining balance of the prepetition retainer was $50,894.04 (the "Chapter 11 Retainer").

Under the Employment Order, KTB&S was authorized to draw down on its retainer to satisfy postpetition fees and expenses in accordance with the procedures established by the UST Guidelines.    According to the UST Guidelines, a professional holding a prepetition retainer may draw down on that retainer by submitting a monthly Professional Fee Statement

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

to the United States Trustee and serving that Professional Fee Statement on any committee appointed in the case, as well as parties entitled to special notice.  If none of these parties object to the Professional Fee Statement within 10 days after its submission, the professional – without further notice, hearing, or order – may withdraw from its retainer the amounts requested in the Professional Fee Statement.

In addition, pursuant to the Fee Procedures Order, the Debtors' chapter 11 professionals were authorized to file with the Court an abbreviated monthly fee statement (the "Monthly Statement") relating to the services rendered and expenses incurred by that professional during such month.  A copy of each Monthly Statement was required to be served on the Office of the United States Trustee, counsel for the Committee, counsel for BofA, and counsel for the Debtors, and notice of each Monthly Statement was required to be served on the parties entitled to special notice.  The amounts available pursuant to the Monthly Statements were limited to 80% of professional fees and 100% of expenses requested in such Monthly Statements.  If no objection was filed within 10 days of service of a Monthly Statement, pursuant to the Fee Procedures Order the Debtors were permitted to pay the amounts requested in such Monthly Statement on an interim basis, in the ordinary course of their business.

During the first interim fee period of March 16, 2006 through June 30, 2006 (the "First Interim Period") KTB&S submitted one Professional Fee Statement, which covered a portion of KTB&S's fees for March 2006.  No objections to the Professional Fee Statement were filed, and KTB&S drew down on its Chapter 11 Retainer in accordance with the UST Guidelines, thereby depleting the Chapter 11 Retainer.  Thereafter, KTB&S filed and served four Monthly Statements covering March 2006 (to the extent that the Chapter 11 Retainer was insufficient to cover KTB&S's March invoice), April 2006, May 2006 and June 2006.  No party objected to the Monthly Statements, and the Debtors paid KTB&S the amounts requested in the Monthly Statements in accordance with the Interim Fee Procedures Order.

All of the fees requested pursuant to the Monthly Statements during the First Interim Period were approved on a interim basis pursuant to the First Fee Application Order.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

However, in accordance with the First Fee Application Order, $121,715.19 of KTB&S's fees from the First Interim Period remain unpaid. KTB&S respectfully submits that payment of such fees on an interim basis is appropriate at this time.

During the Second Interim Period, KTB&S filed and served three Monthly Statements, covering July 2006, August 2006 and September 2006, through and including the Conversion Date. No party objected to the Monthly Statements, and the Debtors paid KTB&S the amounts requested in the July and August Monthly Statements in accordance with the Interim Fee Procedures Order. KTB&S did not receive payment for the amounts requested pursuant to its September Monthly Statement, as such statement was submitted after the Conversion Date.

The following table summarizes the monthly fees and expenses incurred and payments made to KTB&S during the Second Interim Period pursuant to the Monthly Statements:

| Procedure | Period | Fees and Expenses Incurred | Cash Payment Received | Holdback |
|---|---|---|---|---|
| Monthly Statement | July 2006 | $124,255.13<br><br>Fees: $112,454.50<br>Expenses: $11,800.63 | $101,764.23 | $22,490.90 |
| Monthly Statement | August 2006 | $183,683.13<br><br>Fees: $170,984.00<br>Expenses: $12,699.13 | $149,486.33 | $34,196.80 |
| Monthly Statement | September 2006 | $123,179.16<br><br>Fees: $110,386.50<br>Expenses: $12,792.66 | $0 | $123,179.16 |
| Adjustment to correct an error in rate charged for incoming Facsimile[2] | | $(137.70) | | $(137.70) |
| **Total** | | **$430,979.72** | **$251,250.56** | **$179,729.16** |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

---

[2] During this period, Incoming Faxes were inadvertently billed at 50 cents a page rather than at 20 cents a page as required by the UST Guidelines. By this Application, KTB&S is adjusting the expenses billed in the amount of $137.70 to correct this error in billing.

As summarized in the table above, during the Second Interim Period, KTB&S received interim payments pursuant to the Fee Procedures Order in the amount of $251,250.56. As a result, the balance owed to KTB&S for services rendered and expenses incurred during the Second Interim Period is $179,729.16.

## C.    Project Billing.

In accordance with the UST Guidelines, KTB&S classified all services performed for which compensation is being sought into separate categories. KTB&S attempted to place services performed in the category that best related to the services provided. However, because certain services may relate to one or more categories, services pertaining to one category may, in fact, be included in another category. The following is a summary of the activity categories used by KTB&S in these cases and the aggregate fees incurred in each activity category during the Second Interim Period.

| Fee Summary By Category | | |
| --- | --- | --- |
| Category | Hours | Fees |
| 010 – Case Administration | 24.70 | $12,506.50 |
| 020 –Communications With Creditors | 5.50 | $2,170.50 |
| 030 – General Business Operations | 197.90 | $104,882.00 |
| 040 – Fee/Employment Applications | 87.60 | $25,491.50 |
| 050 – Fee/Employment Objections | 31.20 | $16,593.00 |
| 060 – Financing | 28.90 | $16,748.50 |
| 070 – Claims Administration & Objections | 72.90 | $29,413.00 |
| 080 – Asset Analysis and Recovery | 70.30 | $36,342.50 |
| 090 – Asset Disposition | 29.00 | $13,828.00 |
| 110 – Employee Benefits/Plans | 19.50 | $10,295.00 |
| 120 – Litigation | 56.00 | $25,745.00 |
| 190 – Executory Contracts | 9.60 | $5,089.00 |
| 200 – Real Property Leases | 179.40 | $88,471.50 |
| 210 – Personal Property Leases | 11.20 | $5,880.00 |
| 220 – Matters Involving Leases | 0.70 | $369.00 |
| **Total** | **824.40** | **$393,825.00** |

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000

95981.1

**D.    Compensation Request**

As set forth above, the Debtors withheld from KTB&S payment of $179,729.16 during the Second Interim Period.  KTB&S hereby seeks payment of that amount.  In addition, $121,715.19 in payment was withheld from KTB&S by the Debtors during the First Interim Period, which amount cannot be paid to KTB&S without further of this Court.  KTB&S hereby seeks payment of that amount.  Thus, the total unpaid compensation sought by KTB&S pursuant to this fee application is $301,444.35.

## III.

## BACKGROUND AND NARRATIVE HISTORY OF THE CASE

**A.    Background.**

The Debtors commenced these cases on March 16, 2006 (the "Petition Date") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  From the Petition Date through the Conversion Date, the Debtors managed their affairs as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

Prior to the Petition Date, the Debtors were providers of small parcel and freight delivery services to high-volume commercial customers, including retailers, e-tailers, catalog and mail order companies, television shopping channels, consumer product companies, and infomercial sellers.

The Debtors filed their chapter 11 cases in order to wind down their business operations, and conduct an orderly liquidation of their assets.  The wind-down of operations and liquidation of assets has been completed, and the Debtors' cases were converted to chapter 7 on September 21, 2006.  A chapter 7 trustee has been appointed in the Debtors' cases.

**B.    The Debtors' Progress During the Second Interim Period.**

**1.    The Settlement Agreement.**

In connection with the Court's entry of a final Order approving the debtor in possession financing facility for these cases, the Debtors, BofA, the Committee, and Heritage (the "Parties") entered into a settlement that was read into the record at the hearing held on

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

1  April 3, 2006.  That settlement provided, among other things, for BofA to fund $450,000 for

2  the benefit of unsecured creditors pursuant to a chapter 11 plan of liquidation.

3      During the Second Interim Period, the Debtors, with the assistance of KTB&S,

4  negotiated an alternative resolution with the Parties (the "Settlement Agreement") in order to

5  increase the amount recovered by unsecured creditors, reduce administrative expenses, and

6  expedite the liquidation process.  As part of this process, KTB&S spent significant time

7  analyzing liquidation, distribution and recovery analyses, negotiating and preparing a revised

8  DIP budget, communicating with the Creditors' Committee and counsel for BofA and

9  Heritage regarding the terms and structure of the Settlement Agreement, and documenting

10  and seeking Court approval of the Settlement Agreement.

11      Under the Settlement Agreement, BofA agreed to provide at least $600,000 for the

12  benefit of unsecured creditors.  The Settlement Agreement required conversion of the

13  Debtors' cases to chapter 7 and appointment of a chapter 7 trustee, who would be given

14  unfettered discretion to use the funds provided by BofA for unsecured creditors.  The

15  Settlement Agreement also provided that BofA would fund the administrative expenses of

16  the chapter 11 cases pursuant to a revised DIP budget, irrespective of the conversion of the

17  cases to chapter 7, and would fund the entirety of the WARN Act Settlement (as discussed

18  below).  Neither BofA nor Heritage received any release from causes of action the estates

19  may have against them (other than those pertaining to the prior agreement to support a

20  chapter 11 plan and those arising under Bankruptcy Code section 506(c)).

21      The Settlement Agreement was approved by the Court at a hearing held on August 30,

22  2006, and the Debtors' cases converted to Chapter 7 on September 21, 2006 in accordance

23  with the Settlement Agreement.

24          **2.      The WARN Act Settlement**

25      On April 17, 2006, Rosanna Robinson-McKoy filed a class action lawsuit in

26  California state court against APX Express, Inc., APX Logistics, Inc., and the Debtors'

27  majority equity holder, Heritage alleging – on a postpetition basis – violations of 29 U.S.C. §

28  2101, *et seq.* and of California Labor Code section 1400, *et seq.* and related claims (the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

"WARN Act Claims") and praying for general and special damages, attorney's fees and costs.

During the Second Interim Period, KTB&S assisted the Debtors and their employment litigation counsel in documenting and obtaining state court and bankruptcy court approval of a settlement of the WARN Act Claims (the "WARN Act Settlement"), pursuant to which the WARN Act Claims were settled for far less than the amount sought. In this respect, KTB&S attorneys spent significant time negotiating with counsel for BofA to obtain BofA's agreement to fund the WARN Act Settlement, documenting the WARN Act Settlement, and drafting motions seeking court approval of the WARN Act Settlement. These efforts paid off, as BofA agreed to fund the entire WARN Act Settlement – $875,000 – and the WARN Act Settlement was approved by both this Court and the state court.

### 3. The Liquidation Effort.

The Debtors' liquidation process was substantially completed during the Second Interim Period. The Debtors, with the assistance of their professionals, collected accounts receivable and negotiated and obtained court approval of settlements of open customer accounts that brought in over $2 million to the Debtors' estates. Further, after a competitive bidding process certain of the Debtors' software was sold for $135,000.

The Debtors and their professionals also spent substantial time during the second interim period analyzing and resolving claims against the Debtors' estates. KTB&S attorneys fielded inquiries from creditors regarding their claims, and analyzed filed proofs of claim. KTB&S also helped the Debtors analyze requests for payment of administrative expense claims ("Administrative Claims") and, when necessary, negotiated, documented and obtained court approval of stipulations resolving Administrative Claims.

In addition, numerous matters relating to rejection of the Debtors' executory contracts, nonresidential real property leases, and personal property leases were resolved during the Second Interim Period. As such, the Debtors rejected several executory contracts, including contracts with claimants that leased trailers to the Debtors, vendor contracts and licenses. Many of the Debtors' personal property leases, including leases of trucks, trailers and many

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

types of equipment used in the Debtors' business, were also rejected.    And, with the assistance of KTB&S, the Debtors negotiated a stipulation with Maine Point LLC ("Maine Point") deferring resolution of whether or not Maine Point's contract with the Debtors was executory.    KTB&S also assisted the Debtors in negotiating, documenting and obtaining court approval of stipulations resolving the claims of a significant number of landlords, including stipulations with landlords who sought administrative expense priority for various costs and expenses under their leases.

### 4.    The Transition Into Chapter 7.

The Debtors also prepared for the transition into chapter 7 during the Second Interim Period.    To that end, the Debtors, with the assistance of KTB&S, prepared a final chapter 11 report, a summary of the Debtors' leases for the chapter 7 trustee, a budget reconciliation and a revised DIP budget.    KTB&S also assisted the Debtors in preparing a summary of all filed proofs of claim and Administrative Claims for transmittal to the chapter 7 trustee.

### IV.

### SUMMARY OF SERVICES RENDERED

Attempting to describe in detail the various services rendered by KTB&S to the Debtors during the Second Interim Period would not be practical.    As the Debtors' bankruptcy counsel, KTB&S performed literally hundreds of services and tasks on behalf of the Debtors.    What follows, therefore, is a brief summary of the more significant services rendered by KTB&S in each of the activity code categories adopted by KTB&S for billing in these cases.    KTB&S believes its resources were allocated efficiently and effectively during the chapter 11 cases, and KTB&S professionals have endeavored not to duplicate efforts. Exhibit 3 contains copies of KTB&S's detailed billing entries for the Second Interim Period, sorted by activity code category.    Exhibit 3 includes the name of the professional who rendered the services; the date services were rendered; the time spent rendering services; the total billed for the services; and a description of the services.    A monthly summary of fees is attached hereto as Exhibit 4.    This summary sets forth, on a monthly basis, the total fees incurred by KTB&S in each activity category.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

95981.1

A.    **Case Administration – 010.**

As debtors in possession under chapter 11, the Debtors were subject to the myriad administrative and procedural requirements imposed on debtors in possession by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the UST Guidelines.   This category reflects KTB&S's efforts to coordinate the Debtors' efforts to comply with these obligations in a timely manner.   Among other things, this category includes time expended in connection with preparation of the Debtors' monthly operating reports, preparation of a case status report, preparation of the Debtors' amended schedules and statements of financial affairs, and time spent conferring with the Debtors' management regarding the status of pending matters, issues that the Debtors were facing, and advice on strategic decisions.  This category also includes administrative tasks which do not clearly fit into one of the fourteen other activity categories.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Case Administration category in the amount of $12,506.50, representing 24.70 hours of service. KTB&S wrote off $1,367.00 in fees in this category, representing 3.30 hours of service.

B.    **Communications With Creditors – 020.**

Time billed to this category includes KTB&S's communications with creditors concerning the Debtor's chapter 11 cases.   Frequently, KTB&S's communications with counsel for the Creditors Committee and with counsel to BofA were billed to this category.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Meetings and Communications category in the amount of $2,170.50, representing 5.50 hours of service.   KTB&S wrote off $94.50 in fees in this category, representing 0.20 hours of service.

C.    **General Business Operations – 030.**

Time billed to this category relates largely to KTB&S's efforts to negotiate, document, and obtain court approval of the Settlement Agreement.   Among other things, KBT&S's services in this category include (1) participating in extensive negotiations with the Committee, Heritage and counsel for BofA regarding the terms of the Settlement

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

Agreement, (2) documenting the Settlement Agreement, (3) preparing a motion to obtain court approval of the Settlement Agreement (the "Settlement Motion"), and declarations and exhibits in support thereof (4) analyzing and responding to the opposition of Tri-State Staffing, Inc. ("Tri-State") to the Settlement Motion, and (5) appearing at the hearing on the Settlement Motion.

Time in this category also includes services rendered in connection with the conversion of the Debtors' cases to chapter 7, including drafting a final chapter 11 report, preparing and filing a notice of conversion for all nine of the Debtors' cases, preparing a summary of the Debtors' leases for the chapter 7 trustee and other transitional documents, and assisting the Debtors' staff with other preparations for the conversion to Chapter 7.

For the Second Interim Period, KTB&S is requesting approval of its fees in the General Business Operations category in the amount of $104,882.00, representing 197.90 hours of service.  KTB&S wrote off $8,505.50 in this category, representing 19.60 hours of service.

**D.    Fee/Employment Applications – 040.**

During the Second Interim Period, KTB&S assisted the Debtors and their professionals in preparing, filing and serving pleadings related to their employment and compensation.  These services included assisting with the preparation of fee applications (the "First Fee Applications") for the following estate professionals: Silver & Freedman, APLC, CB Richard Ellis and Frederic Antoun.  KTB&S also had telephone conferences with the Committee and the OUST regarding the First Fee Applications, and prepared a notice of hearing regarding the First Fee Applications.

In addition, as permitted by the UST Guidelines, KTB&S drafted its First Interim Fee Application (which was approved in its entirety by the First Fee Application Order), prepared this Second Interim Fee Application, and prepared Monthly Statements in accordance with the Fee Procedures Order.

Finally, KTB&S assisted in the preparation of employment applications for Verdolino & Lowey and Wright, Ford Young & Co.

95981.1

For the Second Interim Period, KTB&S is requesting approval of its fees in the Fee/Employment Applications category in the amount of $25,491.50, representing 87.60 hours of service.  KTB&S wrote off $22,330.00 in this category, representing 83.50 hours of service.

### E.    Fee/Employment Objections – 050.

Time in this category includes preparation of a response to Tri-State's objection to KTB&S's first interim fee application [Docket No. 412].  Time was also expended in this category reviewing the objection of the OUST to the fee applications of certain estate professionals.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Fee/Employment Objections category in the amount of $16,593.00, representing 31.20 hours of service.  KTB&S wrote off $5,098.50 in fees in this category, representing 11.70 hours of service.

### F.    Financing – 060.

During the Second Interim Period, the Debtors needed funding to continue their chapter 11 liquidation effort until the Settlement Agreement was implemented.  To that end, KTB&S assisted the Debtors in negotiating a revised DIP budget for the Debtors, and extensions and modifications thereto, with the Committee, BofA, and Heritage.  KTB&S also evaluated the Debtors' funding requests, prepared a budget reconciliation, and analyzed the Debtors' borrowing base certificates.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Financing category in the amount of $16,748.50, representing 28.90 hours of service.  KTB&S wrote off $1,234.00 in fees in this category, representing 2.00 hours of service.

### G.    Claims Administration & Objections – 070.

This category is comprised of services addressing claims-related issues.

KTB&S expended a substantial amount of time during the Second Interim Period responding to inquiries from creditors concerning their specific claims and the procedures for filing proofs of claim, and analyzing filed proofs of claim.  KTB&S also helped the Debtors

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

1    evaluate and respond to requests for payment of Administrative Claims by, among other

2    things, preparing a notice of the deadline for filing Administrative Claims, analyzing filed

3    Administrative Claims, and preparing stipulations documenting the resolution of certain

4    Administrative Claims and motions seeking Court approval of such stipulations.  Finally,

5    KTB&S prepared a package consisting of all proofs of claim and Administrative Claims

6    filed in the Debtors' chapter 11 cases for transmission to the chapter 7 trustee after the

7    Conversion Date.

8        For the Second Interim Period, KTB&S is requesting approval of its fees in the

9    Claims Administration and Objections category in the amount of $29,413.00, representing

10    72.90 hours of service.  KTB&S wrote off $2,860.00 in fees in this category, representing

11    10.40 hours of service.

12        **H.    Asset Analysis and Recovery – 080.**

13        This category includes services rendered in connection with receivables collection and

14    settlement of open customer accounts, and with the identification and review of potential

15    assets, including causes of action and non-litigation recoveries.  KTB&S assisted the Debtors

16    and their receivables collection agent with collection of their accounts receivable by

17    preparing demand letters to customers with open accounts, negotiating settlements of open

18    accounts, evaluating potential preference claims as part of the settlement process, and

19    preparing stipulations documenting settlements of open accounts and motions seeking court

20    approval of such stipulations.

21        For the Second Interim Period, KTB&S is requesting approval of its fees in the Asset

22    Analysis and Recovery category in the amount of $36,342.50 representing 70.30 hours of

23    service.  KTB&S wrote off $2,331.50 in fees in this category, representing 6.10 hours of

24    service.

25        **I.    Asset Disposition – 090.**

26        During the Second Interim Period, the majority of time billed to the Asset Disposition

27    category concerns the sale of certain of the Debtors' software (the "Software").  During the

28    wind-down of operations and liquidation of the Debtors' assets, the Debtors' director of

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

1    informational technology was contacted by several parties in the package delivery business

2    interested in acquiring the Software.  Over the course of June and July of 2006, the Debtors

3    received a series of competing bids from two potential acquirers, the first of which was

4    $4,200.  The bidders were given the chance to overbid, and after multiple rounds of bidding,

5    the Software was sold to DHL Global Mail ("DHL") for $135,000.

6        KTB&S assisted the Debtors in marketing the Software and running the bidding

7    process.  KTB&S also negotiated with counsel for BofA and counsel for the Committee to

8    obtain their approval of the sale, drafted an asset purchase agreement between DHL and the

9    Debtors, and prepared a motion seeking Court approval of the sale to DHL.

10       In addition, KTB&S negotiated, documented and obtained court approval of

11   stipulations between the Debtors and certain of the Debtors' commercial shipping customers

12   fixing the amount owed by such customers under their prepetition contracts with the Debtors.

13   Pursuant to such stipulations, over $2 million in accounts receivable were collected.

14       On July 25, 2006, BofA filed a motion (the "A/R Motion") requesting relief from the

15   automatic stay to allow it to foreclose on its interest in the Debtors' accounts receivable.

16   Time spent by KTB&S attorneys negotiating, preparing and obtaining court approval of a

17   stipulation between BofA and the Debtors regarding the relief requested in the A/R Motion

18   was also billed to the Asset Disposition category.

19       For the Second Interim Period, KTB&S is requesting approval of its fees in the Asset

20   Disposition category in the amount of $13,828.00 representing 29.00 hours of service.

21   KTB&S wrote off $386.00 in fees in this category, representing 0.70 hours of service.

22       **J.      Employee Benefits/Plans – 110.**

23       During the Second Interim Period, KTB&S assisted the Debtors with researching the

24   claims of various governmental agencies with respect to employee issues, including the

25   United States Department of Labor (the "DOL"), the Equal Employment Opportunity

26   Commission (the "EEOC"), the New York Department of Labor, and the California Labor

27   Commission.

28       One of the Debtors (the "Plan Administrator") was the plan administrator of the

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

Western Parcel Express Employee Profit Sharing Plan (the "Plan"). The DOL notified the Debtors of its intent to assess a penalty against the Plan Administrator for its failure to make a revised filing satisfactory to the DOL within 45 days after the DOL's decision to reject the filing of the Plan's Form 5500 annual report for 2004. KTB&S assisted the Debtors in preparing a statement (the "Statement") describing the reasonable cause and mitigating circumstances for the Plan Administrator's failure to make the revised filing in an attempt to avoid the penalty. Preparation of the Statement required research and communication with the Debtors and former employees of the Debtors.

KTB&S also assisted the Debtors in responding to letters from the EEOC regarding alleged violations of federal equal opportunity employment laws.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Employee Benefits/Plans category in the amount of $10,295.00, representing 19.50 hours of service. KTB&S wrote off $1,051.00 in fees in this category, representing 1.80 hours of service.

**K.    Litigation – 120.**

During the Second Interim Period, KTB&S handled a significant number of litigation matters for the Debtors. The majority of time expended in this category relates to the WARN Act Settlement. As discussed above, KTB&S assisted the Debtors and their employment litigation counsel in documenting and obtaining court approval of the WARN Act Settlement, pursuant to which the WARN Act Claims were settled for far less than the amount sought. In this respect, KTB&S attorneys spent significant time negotiating with counsel for BofA to obtain BofA's agreement to fund the WARN Act Settlement, documenting the WARN Act Settlement, and drafting motions seeking approval of the WARN Act Settlement in bankruptcy court. The WARN Act Settlement was ultimately approved by both this Court and the state court.

In addition, KTB&S responded to a number of claimants seeking to lift the automatic stay to pursue their personal injury claims against the Debtors. KTB&S negotiated stipulations with such claimants, pursuant to which the claimants waived their claims against

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

the Debtors and agreed to solely pursue the Debtors' insurance policies upon the lifting of the automatic stay.

KTB&S also negotiated a stipulation with Maine Point – which asserted a claim against the Debtors' estates in excess of $1,000,000 – reserving the parties' rights with respect to whether or not the Debtors' prepetition agreement with Maine Point was executory as of the petition date and allowing all issues relating to Maine Point's claim to be resolved pursuant to the claims adjudication process provided for under the Bankruptcy Code.

Finally, KTB&S responded to the applications of GE Capital and ALS for rule 2004 examinations of the Debtors, and handled objections to sales of certain of the Debtors' assets.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Litigation category in the amount of $25,745.00, representing 56.00 hours of service. KTB&S wrote off $1,673.50 in fees in this category, representing 3.80 hours of service.

### L.    Executory Contracts – 190.

During the Second Interim Period, KTB&S analyzed and resolved a number of matters relating to rejection of certain of the Debtors' executory contracts pursuant to the rejection procedures approved by the Court during the First Interim Period.  Such matters included preparation of the Maine Point stipulation (discussed above), rejection of the SPE agreement and insurance policy, analysis of customer contracts, rejection of agreements with claimants that leased trailers to the Debtors (including Transport International Pool), and rejection of vendor contracts and licenses.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Executory Contracts category in the amount of $5,089.00, representing 9.60 hours of service. KTB&S wrote off $160.50 in fees in this category, representing 0.30 hours of service.

### M.    Real Property Leases – 200.

This category covers services rendered by KTB&S in connection with the Debtors' non-residential real property leases.  As of the Petition Date, the Debtors were party to 55 non-residential real property leases.  All of these leases were rejected and surrendered during the First Interim Period.  During the Second Interim Period, KTB&S assisted the Debtors in

negotiating, documenting and obtaining court approval of stipulations resolving the claims of a significant number of landlords, who might have asserted significantly higher claims against the Debtors' estate than the ultimate amounts negotiated by KTB&S pursuant to the stipulations.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Real Property Leases category in the amount of $88,471.50, representing 179.40 hours of service. KTB&S wrote off $3,009.46 in fees in this category, representing 14.20 hours of service.

### N.    Personal Property Leases – 210.

During the Second Interim Period, KTB&S implemented the rejection procedures approved by the Court during the First Interim Period with respect to many of the Debtors' personal property leases, including leases of trucks, trailers and other types of equipment used in the Debtors' businesses.  KTB&S also responded to numerous inquires by lessors seeking to recover leased property and landlords seeking to determine what to do with equipment abandoned by the Debtors at their former locations.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Personal Property Leases category in the amount of 5,880.00, representing 11.20 hours of service.

### O.    Matters Involving Leases – 220

This category includes time related to the analysis of the Debtors' non-residential real property leases not otherwise billed to the Real Property Lease category.  Specifically, this category includes analysis of the real property lease of the Debtors' facility in Poway, California, where a landlord asserted a number of claims in addition to rent under the lease. The Debtors settled this matter shortly before the Debtors' cases converted the Chapter 7.

For the Second Interim Period, KTB&S is requesting approval of its fees in the Matters Involving Leases category in the amount of $369.00, representing 0.70 hours of service.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

# V.

## SUMMARY OF COSTS AND EXPENSES

KTB&S is seeking reimbursement for $37,154.72 in costs and expenses that it incurred during the Second Interim Period. The UST Guidelines require that an application seeking reimbursement of expenses include a summary listing of all expenses by category and month. Accordingly, attached hereto as <u>Exhibit 5</u> is a summary of the total expenses incurred on a monthly basis for each expense category during the Second Interim Period. In addition, this section describes KTB&S's accounting procedures for the general categories of costs and expenses for which it is seeking reimbursement. The majority of the requested costs and expenses were billed to the Debtors at the rates customarily billed to KTB&S's non-debtor clients.

### A.    Messenger Service/Overnight Delivery.

When the exigencies of these cases required, KTB&S used messenger services and overnight courier services, such as FedEx, to deliver documents. KTB&S charges its clients for the actual costs of such services without surcharge. The total expenses incurred by KTB&S in the Messenger Service/Overnight Delivery expense category during the Second Interim Period were $5,357.39.

### B.    Online and Outside Research.

In the course of its representation of the Debtors, it sometimes became necessary and cost efficient for KTB&S to conduct legal research through computer research services such as LEXIS/NEXIS. Additionally, on rare occasions, KTBS&S enlists an outside service to research and obtain certain publicly filed documents. KTB&S bills the actual cost of using these services directly to its clients without any surcharge. The total expenses incurred by KTB&S in the Online and Outside Research expense category during the Second Interim Period were $1,885.85.

### C.    Parking.

This category includes costs incurred by KTB&S for parking fees to attend various meetings and Court hearings. The total expenses incurred by KTB&S in the parking

1    category for the Second Interim Period were $33.45.

2        **D.    Filing Fees.**

3        This category includes both this Court's filing fees, and the cost of the outside

4    messenger service that KTB&S used to file its pleadings with the Court.  KTB&S bills these

5    costs directly to its clients without surcharge.  The total expenses incurred by KTB&S in the

6    Filing Fees expense category during the Second Interim Period were $1,232.50.

7        **E.    Fax Charges (Incoming/Outgoing).**

8        Given the many short deadlines and time constraints of these cases, there were

9    numerous instances where faxing was the most economical and efficient method of

10    transmitting a document.  KTB&S generally charges its clients, in both bankruptcy and

11    nonbankruptcy engagements, $0.50 per page for each fax received and $0.50 per page for

12    each fax transmitted, but charged the Debtors $0.20 for each fax received in accordance with

13    the UST Guidelines.  KTB&S does not bill its clients for the cost of the telephone call for

14    outgoing faxes, even if the call is long distance.  The total charges billed by KTB&S in the

15    Fax Charges expense category during the Second Interim Period were $710.90.

16        **F.    Duplicating.**

17        KTB&S's internal photocopying projects are billed to the client at the cost of $0.20

18    per page. This rate is uniformly set by KTB&S and is comparable to the rate charged by a

19    substantial number of other law firms in its community in both bankruptcy and

20    nonbankruptcy engagements.  The total expenses incurred by KTB&S in the Duplicating

21    expense category during the Second Interim Period were $23,312.00.

22        **G.    Postage.**

23        KTB&S has no surcharge for postage.  KTB&S calculates postage costs at the rate set

24    by the postal service for the weight and class of given mailing.  The total expenses incurred

25    by KTB&S in the Postage expense category during the Second Interim Period were

26    $4,116.78.

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

**H.    Telephone (Long Distance).**

KTB&S only seeks reimbursement for actual charges in this expense category, which charges totaled $460.35 during the Second Interim Period.

**I.    Transcripts.**

This expense category includes costs incurred by KTB&S for transcripts of a few hearings in the Debtors' cases.    The total expenses incurred in the Transcripts expense category during the Second Interim Period were $45.50.

**VI.**

**REQUEST FOR INTERIM COMPENSATION**

Pursuant to Bankruptcy Code section 330(a)(1), the Court may award to professionals who have been employed under Bankruptcy Code section 327 reasonable compensation for their services, as well as reimbursement for all actual and necessary expenses.  11 U.S.C. § 330(a)(1).    Bankruptcy Code section 331, in turn, provides for allowance of interim compensation and reimbursement.  11 U.S.C. § 331.  As stated by the Ninth Circuit Court of Appeals in <u>In re Yermakov</u>, 718 F.2d 1465, 1471 (9th Cir. 1983): "The primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate."  Section 330(a)(3) further states that the Court "shall consider the nature, the extent and value of such services, taking into account all relevant factors [.]"  11 U.S.C. § 330(a)(3).  These factors include the time spent on the services, the rates charged for the services, whether the services were necessary or beneficial, whether the services were performed within a reasonable amount of time, whether the professional is board certified or otherwise has demonstrated skill and experience in the bankruptcy field, and whether the compensation is reasonable based on compensation customarily charged by comparable professionals.

The issues that arose in this case demanded a high level of skill and perseverance by KTB&S attorneys.    In particular, KTB&S attorneys engaged in negotiations with the Committee, Bank of America, Heritage and various landlords, vendors and other interested parties that, in some instances, presented complex legal issues, particularly with respect to

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000

1  the postpetition financing, the Settlement Agreement, matters relating to the WARN Act

2  claims, employee benefits, asset disposition, real property leases and the compensation of

3  certain of the Debtors' professionals.

**VII.**

**CONCLUSION**

6       The interim compensation sought in this Application is on account and is not final.

7  Upon the conclusion of these cases, KTB&S will seek fees for the totality of the services

8  rendered as former bankruptcy counsel to the Debtors as debtors in possession based upon

9  the standards applicable to cases such as these.  Any interim fees approved by the Court and

10  received by KTB&S will be credited against such final fees as this Court may allow.

11       KTB&S believes that the services rendered for which compensation is sought in this

12  Application were beneficial to the debtors in possession, that the costs incurred were

13  necessary and proper, and that the sums requested for the services rendered and the costs

14  incurred are fair and reasonable.

20  [remainder of page intentionally left blank]

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

95981.1

1    **WHEREFORE**, KTB&S respectfully requests that the Court enter an order: (1)

2    allowing interim compensation to KTB&S for services rendered and expenses incurred

3    during the Second Interim Period (July 1, 2006 through September 21, 2006) in the amount

4    of $430,979.72, representing $393,825.00 in services rendered and $37,154.72 in expenses

5    incurred; (2) authorizing the Debtors to pay KTB&S the fees held back during the Second

6    Interim Period pursuant to the Fee Procedures Order, in the amount of $179,729.16; (3)

7    authorizing the Debtors to pay KTB&S the fees held back during the First Interim Period in

8    the amount of $121,715.19; (4) allowing and approving an additional $2,500.00 for

9    preparing this Application and attending a hearing thereon;[3] and (4) granting to KTB&S such

10   other relief as is just and proper.

11

12   DATED:  June 11, 2007                      /s/ Courtney E. Pozmantier

13                                              COURTNEY E. POZMANTIER, ESQ.
                                                KLEE, TUCHIN, BOGDANOFF & STERN LLP
14                                              Formerly Bankruptcy Counsel for Debtors and
                                                Debtors in Possession
15

16

17

18

19

20

21

22

23

24

25

26

27

28   [3] See *supra* footnote 1.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

95981.1                              23

## DECLARATION OF COURTNEY E. POZMANTIER

I, Courtney E. Pozmantier, declare as follows:

1.    I am over 18 years of age, and if called as a witness, I could and would testify from my own personal knowledge regarding the matters set forth in this declaration.

2.    I am admitted to practice law in the state of California and before this Court. I am an associate with Klee, Tuchin, Bogdanoff & Stern, LLP ("KTB&S"), formerly bankruptcy counsel to APX Holdings, L.L.C. and its chapter 11 affiliates as debtors in possession (the "Debtors").

3.    I submit this application in support of the "Second Interim Application of Klee, Tuchin, Bogdanoff & Stern, LLP for Allowance and Payment of Interim Compensation and Reimbursement of Expenses, as Bankruptcy Counsel to the Debtors and Debtors in Possession" (the "First Interim Fee Application").

4.    I am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and the United States Trustee's "Guide to Applications for Professional Compensation" and "Guide to Applications for Employment of Professionals and Treatment of Retainers". I believe that KTB&S's First Interim Fee Application fully complies with their requirements.

5.    The attorneys principally responsible for providing services to the Debtors during the First Interim Fee Period were Michael L. Tuchin, Martin R. Barash, Laura L. Buchanan, Matthew C. Heyn, and me. Other KTB&S professionals rendered limited services from time to time, as necessary. KTB&S made a concerted effort to provide effective representation as efficiently as possible, including allocating work to attorneys with lower hourly rates as appropriate.

6.    KTB&S carefully reviewed each monthly bill, and made significant downward adjustments to such bills as appropriate. In fact, KTB&S voluntarily wrote off $50,101.46 in fees (representing 157.60 hours incurred on behalf of the Debtors).

7.    KTB&S generally charges its clients, in both bankruptcy and nonbankruptcy engagements, $0.50 per page for each fax received and $0.50 per page for each fax

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

1    transmitted, but charged the Debtors $0.20 for each fax received in accordance with the UST

2    Guidelines.  KTB&S does not bill its clients for the cost of the telephone call for outgoing

3    faxes, even if the call is long distance.

4        I declare under penalty of perjury that the foregoing is true and correct.

5        Executed this 11th day of June, 2007 at Los Angeles, California.

6

7        /s/ Courtney E. Pozmantier

8        COURTNEY E. POZMANTIER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
2121 AVENUE OF THE STARS, 33RD FLOOR
LOS ANGELES, CALIFORNIA 90067-5061
TELEPHONE: (310) 407-4000

96391.1

2